UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Alexander Williams
_____

_____

Write the full name of each plaintiff.

No. __19 – CV – 03347__

(To be filled out by Clerk's Office)

-against-

Department of Corrections
_____

Correctional Officer Alexander
_____

Deputy Rivera
_____

Captain Mathis
_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☑ Yes ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☑ Violation of my federal constitutional rights

☐ Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

| Alexander | | Williams |
|---|---|---|
| First Name | Middle Initial | Last Name |

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

**1411801632**

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

**Manhattan Detention Center**

Current Place of Detention

**125 White Street**

Institutional Address

| New York | NY | 10013 |
|---|---|---|
| County, City | State | Zip Code |

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☑ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

| Defendant 1: | Dept of Correct ions | | |
|---|---|---|---|
| | First Name | Last Name | Shield # |
| | Boulvard Buildin ʒ | | |
| | Current Job Title (or other identifying information) | | |
| | 75-20 Astoria Blvd | | |
| | Current Work Address | | |
| | East Elmhurst | NY | 11370 |
| | County, City | State | Zip Code |
| Defendant 2: | Correctional Officer | Alexander | Unknown |
| | First Name | Last Name | Shield # |
| | Security Team C orrectional Officer | | |
| | Current Job Title (or other identifying information) | | |
| | 125 White Street | | |
| | Current Work Address | | |
| | New York | NY | 10013 |
| | County, City | State | Zip Code |
| Defendant 3: | Deputy | Rivera | Unknown |
| | First Name | Last Name | Shield # |
| | Full Bird Securit y Deputy | | |
| | Current Job Title (or other identifying information) | | |
| | 125 White Street | | |
| | Current Work Address | | |
| | New York | NY | 10013 |
| | County, City | State | Zip Code |
| Defendant 4: | Captain | Mathis | Unknown |
| | First Name | Last Name | Shield # |
| | Security Captain | | |
| | Current Job Title (or other identifying information) | | |
| | 125 White Street | | |
| | Current Work Address | | |
| | New York | NY | 10013 |
| | County, City | State | Zip Code |

## V.   STATEMENT OF CLAIM

Place(s) of occurrence:   Manhattan Detention Center

Date(s) of occurrence:   Feb 26, March 20,21,22,23,28,29,30, April 1,2,2019

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

Plaintiff is currently being housed at the Manhattan Detention Center on the 9th floor in pursuant to a lock-down order Exhibit-A. Since Being housed on the 9th floor from Jan 18, 2019 the Plaintiff has been having issues with his mail, in-incoming and outgoing. On Jan 21, 2019 plaintiff saw that Correctional Officer Alexander was reading his out-going mail, of which was legal mail to his lawyer and private investigator in his current criminal matter.

The plaintiff addressed the issues verbally to C.O. Alexander and the response was " This is how we deal with the mail in 9 north." Plaintiff immediately filed a grievance form out to formally address this matter in response. He was soon informed by Correctional Officer Alexander that he would no longer pre-scan/over his out-going legal correspondences, but that he continue to do so with all non-privilege out-going correspondences. Plaintiff filed a grievance form out to address this matter and was told that the grievance was referred to the head of the facility to render a response. Plaintiff has yet to receive a response on that particular grievance.

On or about Feb. 1 2019 the plaintiff asked C.O. Alexander why was his in-coming and out-going mail being handled differently then the other detainees being housed at MDC. Correctional Alexander informed the plaintiff that his supervisors Deputy Rivera and Captain Mathis told him that plaintiff's court order stated that his mail must be handled as such. The plaintiff was denied this response in writing by C.O Alexander. Plaintiff was interviewed by Captain Moses who was investigating one of many grievances that were filed in this matter and the plaintiff did provide Captain Moses with a two page statement in regards to his complaint.

On or about March 20th-23rd, 2019, the plaintiff filed numerous grievances in regards to this matter. The response from the facility after being appealed was that, due to the plaintiff's court order the security at the facility could in-deed read his out-going mail and that his mail whether out-going or in-coming could only be sent out through someone from security picking it up to be sent out signing in mail-room to be given to the plaintiff. EXHIBIT-B is a packet of those grievances which the grievance office at the facility packaged together before they rendered a written response.

On or about March 25th, 2019 the plaintiff filed another grievance because he was denied the right to send out out-going mail. Plaintiff was told by the officer that was working Unit 9 north that they could not take his mail to the mail-room that someone from security office had to come upstairs and pick up his out-going mail. Again Plaintiff was told in his response to that grievance that his court allowed for his denial, see EXHIBIT-C. On that same date the plaintiff attempted to contact 311 to report what was going on and he was denied the right to do so by Correctional Officer Ramirez who said that the security told him not to allow me to use the phone to do so, even though 311 is utilized as an internal reporting agency with NYC department of corrections, see EXHIBIT-D.

EXHIBIT-E is a grievance filed because on the date mention within the grievance the plaintiff was denied the right to contact his criminal attorney Jeffrey Chabrowe who is approved on his court order to call. The plaintiff's position is that he was denied the call out of retaliation for his complaints about these issues which her response was 'her staff is not doing it unless its in your court order" (Please review footage on Unit 9 North Approx, 6:00 pm for reference on conversation).

On or about March 23rd 2019 the plaintiff was able to stop Deputy Peoples and discussed the matter.

Page 5

Deputy Peoples immediately went and reviewed the plaintiff's court order and responded by informing the plaintiff that she would look into the matter because she did not read anything in the court order that would permit what the plaintiff said was happening.

On or about the 25th of March 2019 the plaintiff was able to file a verbal complaint with investigator Gray from the B.O.C while he was touring the unit. On April 1st, 2019 investigator Gray responded in person to inform the plaintiff that he discussed the matter thoroughly with full bird Deputy Rivera after he and his supervisor investigated the claim. Gray stated that he spoke with Deputy Rivera and she informed him that the matter would be taken care of. Plaintiff was unable to obtain anything in writing in regards to this. Gray also informed plaintiff that both Deputy Rivera and Warden Dunbar informed him that neither one of them had place the plaintiff on facility mail watch nor was there a law enforcement warrant on file with the facility, which is the only way that the plaintiff's out-going mail should be being read before being sent-out. (Please review the cameras on Unit 9 North on April 1st, 2019 and the Log Book Page 173 at Approx 11:15am).

It is the beleiveth of the plaintiff that he is being denied access or that his access is being limited to the Facility's Law Library in retaliation to this many on-going complaints at M.D.C. From March 16th, 2019 to present the plaintiff has been requesting to be able to go to the law library to be able to utilize the Lexis Nexis kiosk to research case law and shepperdize cases in references to his on-going criminal case so that he may be able to Marshall a defense against the current murder charges pending against him. Plaintiff is constantly being told to use the Law Library request form to request case law. When Plaintiff attempts to call down to the Law Library to discuss matters with the legal coordinator he has a major issue due to a language barrier with the coordinator. The plaintiff is also told by this coordinator when requesting some cases and facility directives that he was told not to issue them to detainees. When the plaintiff request that such denial is placed in writing for him it is denied.

On or about March 29th, 2019 the plaintiff informed Captain Mathis that he would like to be escorted to the Law Library to research cases, in response the plaintiff was directed by Captain Mathis to fill out request form and he would take it down there to get cases for the plaintiff. (Please review cameras on Unit 9 North to witness this).

Deputy Rivera is held liable because 1. ) through the grievance system the above mentioned matters should have been discussed with her and rectified back in Feb. 2019 when the plaintiff first filed a grievance, 2.) Dep Rivera is the admin dep as well as the security dep here at M.D.C meaning that she personally is responsible for over-seeing these matters.

Captain Mathis is held liable because 1.)he is the direct supervisor of security in charge on the C.O's that deal with these matters daily 2.)the plaintiff on at least two occasion directed his complaints directly to Captain Mathis who ignored them and played a role in violation by not enforcing on the staff under him to review and properly follow this plaintiff's court order instead of creating their own language.

Correctional officer Alexander is held liable because 1.) the plaintiff voiced the violation to him on numerous occasions. Alexander informed that he did indeed investigate the matter and that he was following the proper procedure told to him by his supervisor, 2.) as a Correctional Officer, Alexander should and must know that no one even a supervisor can not make him enforce a directive or order to commit an act that is Unlawful. 3.) as a security officer it is his responsibility to research read and find out if he is or isn't doing something out of order and unlawful.

Inretrospect each defendant was and is liable when they had knowledge on the plaintiff's grievance on the matter and each defendant decided to knowingly ignore said grievance, issue responses that clearly are not consistent with the plaintiff's lock down court order and use the same grievances as forms of retaliation against plaintiff for his complaints. Some of these retaliation can affect the outcome of plaintiff criminal case. (Plaintiff request that the video footage and the log book pages mentioned within this complaint be saved and preserved for evidence in a trial)

## Addendum to initial complaint

Plaintiff is being housed in 9 north unit due to the order of a supreme court Judge, not due to disciplinary reason(s). Again each time that he is being denied full access to the Facilities law library is being referred to **EXHIBIT-A**, and stating that the Judge does not want the plaintiff going to the law library.

When reviewing **EXHIBIT-G Pg. 23-24**, of the inmate hand book for New York City Department of Corrections there is no mention of any reason were a detainee will be restricted from full access to the jails law library other then be receiving a ticket **(Pages 24 para.11).**

Furthermore the request forms that Manhattan Detention Center officials order the plaintiff to use are merely a form for copies, because all the other functions on the form the plaintiff is not permitted to do as per the Judges order. Such as speak to the Legal Coordinator research sheperdize, etc. The only way to properly afford the plaintiff this right will be allow him to visit the facility law library, as so to allow him to do so in person.

As seen with **EXHIBIT-H**, which is the facilities law library response to the

plaintiff's request to get copies of the department directives, that he can only view the 3

listed directives. How is this so when he is being denied the right to be escorted to the

law library. The plaintiff does not fee safe with discussing intricate details with any of his

legal matters with anyone including the coordinator for many reasons, one being that a

jail house informant has already jumped on his current criminal matter.

More importantly completing the form to request law library is not the same as

researching case law, penal law and defensive techniques in approaching criminal cases

as that these material and information is afforded in the Lexis Nexis Kiosk, the same

kiosk that other detainee are being afforded with. In other buildings on Rikers Island,

which is also under New York City Department of Correction command, where the

detainees are restricted from going to the law library, there is a downed cell designated at

that housing unit's law library equipped with a type writer along with the Lexis Nexis

Kiosk. When the plaintiff grieved this matter and mentioned this fact once again he was

told his judge issued a court order denying him full access to the facility law library. See

**EXHIBIT-I**

When the plaintiff argued against this fact, that completing a request form can not

be considered RESEARCH the response was colored with the same as all the other orders, even though he mentioned the fact that other detainees from his housing unit has been afforded the right to go to the faculty law library. **EXHIBIT-I & J.**

In stead of allowing the plaintiff to enjoy this mandated service correctional officers at the jail has been forging and/or neglecting the mandated services log book on the housing unit that is separate from the regular log book. If one reviews this mandated service log book from the time of Jan 2019 to April you will see that the book is not signed indicating that plaintiff was afforded his mandated services when matched up against the many request forms that he has submitted, because the form does not afford the same mandated service as actually accessing the law library ( Ask that copies be of said book in reference to the time frame that is mentioned above).

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

Due to the actions of the defendants stated herein the plaintiff had to be seen by the Mental Health Staff at the Manhattan Detention Center. As a result it was found that the plaintiff has been suffering from sleep deprivation, depression, alarmness and has been in the state of panic and paranoid. Plaintiff has begun to feel trapped and has expressed the beliefth that Correctional Officers are planning to attack him and are plotting against his safety. The plaintiff has been diagnosed medication to address these sickness(s). Other injuries suffered was the violation of the plaintiff's 4th amendment rights to be safe and secured against unreasonable searches and seizures and the right that no warrant shall be issued without proable cause to search and or seize private property. The plaintiff's 8th Amendment Rights were violated because even as detainee the plaintiff should enjoy the right to be free from Cruel and Unusual Punishment. The plaintiff's 14th Amendent rights were violated. Under the 14th Amendment the State can not 'deprive any person of life liberty or property without due process of Law. A violation of the plaintiff's substantive and procedural due process rights when C.O. Alexander and the other named defendants tampered with the plaintiff Legal and Non-Legal out-going mail and denied him full access to the facility's Law Library. (THE ACT OF READING THE PLAINTIFF OUT-GOING MAIL WAS CORRECTIONAL STAFF ACTING AS AN INVESTIGATIVE BODY FOR DISTRICT ATTORNEY OFFICE THAT IS CURRENTLY PROSECUTING THE PLAINTIFF IN A CRIMINAL MATTER) (THE ACT OF DEPRIVING THE PLAINTIFF FULL ACCES TO THE LAW LIBRARY IS CLEAR THAT FACILITY STAFF WAS DENYING HIM THE ABILITY TO MARSHAL A DEFENSE IN HIS ON-GOING CRIMINIAL CASE).

The plaintiff was also deprived of his Right to Equal Protections of the Law that assures that each person is treated Equally and enjoy the right of the U.S. Constitution even detainees

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

Plaintiff request money damages in the amount of $150,000.00, One Hundred and Fifty Thousand Dollars.
Plaintiff ask the court to Order Manhattan Detention Center to Post Notice(s) on the units wall of the directives and polices that are governing that unit and what if any rights the detainees house there have to challenge them.
Plaintiff also request Injuction Relief in the following fashion.
a. M.D.C Officials cease the reading of any of the plaintiff's out-going mail without a Lawful warrant stating such.
b. M.D.C Officials cease the Post-Ponement of all of the Plaintiff's in-coming and out-going mail and that his mail be delievered just as any other detainee in the facility, unless there is a Court Order specifically addressing other-wise.
c. M.D.C Officials post a mailbox on Unit 9 North immediately were the plaintiff and other detainees may drop mail to be sent out daily, unless there is a Court Order specifically addressing not to.
d. Plaintiff and other detainness be allowed to enjoy the RIGHT to have FULL ACCESS to the facility Law Library were he may utilize the Kiosk to research and sheppardize legal cases in preparation of marshalling a defense against criminal matter. (THIS FULL ACCESS BE 5 DAYS A WEEK FOR A LEAST

ONE HOUR BY A PERIOD OF TIME THAT IS SET BY M.D.C OFFICIALS).

e. That the down cell has type-writer in it on Unit 9 North, immediately be equipped with the Lexis Nexis Kiosk, and be installed were the detainees housed in the unit may have access to study and research legal matters.

f. Any other Relief that the court may deem just and proper.

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| MAY  10  2019 | _Alexander Williams Jr._ |
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| ALEXANDER | WILLIAMS | Sr. |
| First Name | Middle Initial   Last Name | |

185  WHITE  STREET
Prison Address

| | | |
|---|---|---|
| NEW YORK | NY | 10013 |
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing:   5-10-19

EXHIBIT MARK A

Exhibit — A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: CRIMINAL TERM, PART 7
-------------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK,

**LOCKDOWN ORDER**

- against -

ALEXANDER WILLIAMS,                              Kings County
      BOOK & CASE # 1411801632            Indictment Number
      NYSID # 01897858L                             2146/18
                             Defendant.
-------------------------------------------------------------------X

      WHEREAS the above-captioned defendant is before the Supreme Court, Kings County, PART 7 pending trial in the above-captioned case, wherein he is charged with Murder in the Second Degree, and other related charges, and

      WHEREAS this Court has been presented with clear and convincing evidence that this defendant, has solicited the aid of other persons to threaten, intimidate, and cause serious physical injury or death to witnesses, and has been engaging in other conduct that raises serious, well-founded and legitimate concerns, that he poses a continuing, significant risk to the safety of persons whom he perceives as being potential witnesses against him; and this Court finds that the imposition of each of the restrictive conditions of confinement on this defendant that are delineated in this order is essential to protect the integrity of the criminal proceedings against him and others and to assure the safety of potential witnesses and their families, and is required in this case.  It is

      ORDERED that pending further written order of this Court or another court of appropriate jurisdiction:

**Housing**

1)     The above-captioned defendant is to be housed in a highly secure area designated by the Department of Correction, preferably the lockdown area, on lock-in, to be separated from all other inmates in the area, in such a manner as to prevent him, to the extent possible, from communicating with or passing material to other inmates,

**Visits and Phone calls**

2)     Defendant is barred from having any visits other than with his attorney, Jeffrey Chabrowe, Esq.

3)     Defendant is precluded from making any telephone calls other than to his attorney, Jeffrey Chabrowe, at 917-529-3921.  A correction officer or captain shall dial such telephone number 917-529-3921 using the defendant's PIN number.  Moreover, the defendant's PIN number shall

EXHIBIT   MARKED   B

Exbit — B   Response

**ATTACHMENT - C**   Inmate copy

# CITY OF NEW YORK - DEPARTMENT OF CORRECTION

## OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES
## DISPOSITION FORM

Form.: 7102R
Eff.: 9/14/18
Ref.: Dir. 3376R-A

| Grievance Reference #:<br>200469/T113/19 | Date Filed:<br>03/22/19 | Facility:<br>MDC |
|---|---|---|

| Inmate Name:<br>WILLIAMS, ALEXANDER | Book and Case#:<br>141-18-01632 | Category:<br>#4- MAIL |
|---|---|---|

From OCGS Inmate Statement Form, print or type short description of grievance:   On the above date (03/20/19)

I was informed by Security Captain Mathis that I did have incoming mail but would not be given
it until it was logged as of 7 pm I still did not received mail.  There is no policy that can be issued to start that
NYC DoCs must keep a track record of who is writing me and who I write.  I am a pre-detainee
and keeping record of my mail.


SEE ATTACHED DOCUMENTS



Action Requested by Inmate:   Incentive censorship of mail, give me notice of why mail is censored and answer

grievance.

---

### STEP 1: FORMAL RESOLUTION

Check one box: ☑ Grievance   ☐ Submission is not subjected to the Grievance Process

The Office Of Constituent and Grievance Services proposes to formally resolve your grievance as follows below.
Alternatively, OCGS staff shall provide an explanation for why the submission is not subject to the OCGS process.

On 03/25/19 The OCGS has reviewed your statement and was in contact with MDC Security to learn that

based on your Court Order and The Departments Guidelines in the handling of inmates Correspondence

although there isn't any listed restrictions to whom you can send or receive mail/correspondence the

information in your court order specifies a risk of compromising  the security and/or the safety of any

person or persons outside the facility.

Based on these findings the reading of your Correspondence/Mail is deemed appropriate.

---

### CHECK THE APPROPRIATE BOX BELOW AND PROVIDE YOUR SIGNATURE
*(Failure to sign forms will forgo your right to appeal the proposed resolution.)*

☐ Yes, I accept the resolution   ☐ No   ☑ I request to appeal the resolution of this grievance to the Commanding officer.

*Note: If you appeal, the grievance staff can request for a preliminary based review if they feel the complaint was thoroughly investigated and addressed, prior to forwarding to the Commanding Officer. You will receive the outcome of this review within (3) business days to inform you the appeal will proceed or you exhausted administrative remedies.*

| Inmate's Signature: | Date: 3/26/19 |
|---|---|

☐ Preliminary Review Requested

| Grievance Coordinator/Officer Signature: | Date: 3/26/19 |
|---|---|

ATTACHMENT -B-1

## CITY OF NEW YORK - DEPARTMENT OF CORRECTION

**OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES**
**INMATE STATEMENT FORM**

Form.: 7101R-A
Eff.:9/14/18
Ref.: Dir. 3376R-A

| Inmate's Name: Alexander Williams | Book & Case #: 141801637 | NYSID #: |
|---|---|---|

| Facility: MDC | Housing Area: 9 North. | Date of Incident: 03/20/19 | Date Submitted: 03/20/19 |
|---|---|---|---|

All grievances must be submitted within ten business days after the incident occurred, unless it's a sexual abuse or harassment allegation. The inmate filing the grievance must personally prepare this statement. Upon collection by the Office of Constituent and Grievance Services (OCGS) staff, OCGS staff will time-stamp and issue it a grievance reference number. OCGS staff shall provide the inmate with a copy of this form as a record of receipt.

**Grievance** on the above date I was informed by deputy captin mathes that I did have incoming mail but would not be given it until it was logged as of 7pm I still did not receive mail there is no policy that can be used to state that NYCDOCS must keep a track record of who is writing me and who I wrote to. I am a pre-detainee and keeping record of my mail

**Action Requested by inmate:** discontinue censorship of mail, give me notice of why mail is censored and answer grievance

**Please read below and check the correct box:**

Do you agree to have your statement edited for clarification by OCGS staff? Yes ☐ No ☑

Do you need the OCGS staff to write the grievance for you? Yes ☐ No ☑

Have you filed this grievance with a court or other agency? Yes ☐ No ☑

Did you require the assistance of an interpreter? Yes ☐ No ☑

| Inmate's Signature: Alexander Williams | Date of Signature: 03/20/19 |
|---|---|

**FOR DOC OFFICE USE ONLY**

**OCGS MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.**

**THIS FORM IS INVALID UNLESS SIGNED BY THE INMATE AND GRIEVANCE COORDINATOR.**

2019 MAR 22 A 10: 36
NYC DEPT CORRECTION
SVC CONSTITUENT & GRIEVANCE
TIME STAMP

| Grievance Reference # T113/19/200469 | Category: #4 Correspondence/Mail |
|---|---|

**Office of Constituent and Grievances Services Coordinator/Officer Signature:**

 

# CITY OF NEW YORK - DEPARTMENT OF CORRECTION
## OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES
### INMATE STATEMENT FORM

Form.: 7101R-A
Eff.:9/14/18
Ref.: Dir. 3376R-A

**Inmate's Name:** Alexancr Williams

**Book & Case #:** 1411801632

**NYSID #:**

**Facility:** MDC

**Housing Area:** 9 North

**Date of Incident:** 03-21-19  5:30PM

**Date Submitted:** 03-21-19

All grievances must be submitted within ten business days after the incident occurred, unless it's a sexual abuse or harassment allegation. The inmate filing the grievance must personally prepare this statement. Upon collection by the Office of Constituent and Grievance Services (OCGS) staff, OCGS staff will time-stamp and issue it a grievance reference number. OCGS staff shall provide the inmate with a copy of this form as a record of receipt.

**Grievance:** on the above date and time I spoke with dep. Rivera in 9 north unit in persuent to I my mail being pre-screen when going out, real befor being allowed to close. 2 mail not being able to be sent out unless picked up by security 3) mail not being delivered unless security signs and gave it out her verbally "errends" if your order does not state that. then your mail should flow like inmates in population" for this mettle I attached copy of court order to go

**Action Requested by Inmate:** 1) allow my out-going and incoming mail to flow regularly like other prisoners 2) grant me a dept hearing on that issue

**Please read below and check the correct box:**

Do you agree to have your statement edited for clarification by OCGS staff?   Yes ☐   No ☒

Do you need the OCGS staff to write the grievance for you?   Yes ☐   No ☒

Have you filed this grievance with a court or other agency?   Yes ☐   No ☒

Did you require the assistance of an interpreter?   Yes ☐   No ☒

**Inmate's Signature:** alexander Williams

**Date of Signature:** 03-21-19

### FOR DOC OFFICE USE ONLY

OCGS MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.

THIS FORM IS INVALID UNLESS SIGNED BY THE INMATE AND GRIEVANCE COORDINATOR

**TIME STAMP** 2019 MAR 22 A 10 36 NYC DEPT CORRECTION CONSTITUENT & GRIEVANCE SVC

**Grievance Reference #**

**Category:**

Office of Constituent and Grievances Services Coordinator/Officer Signature:

3) Notify me every Am I being Screen/email escishent a proper desingtion order notified

ATTACHMENT -B-1

# CITY OF NEW YORK - DEPARTMENT OF CORRECTION

**OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES**
**INMATE STATEMENT FORM**

Form: 7101R-A
Eff: 9/14/18
Ref.: Dir. 3376R-A



| Inmate's Name: Alexander Williams | Book & Case #: 141180163 2 | NYSID #: |
|---|---|---|

| Facility: MDC | Housing Area: 9 North | Date of Incident: 03-21-19 | Date Submitted: 03-21-19 |
|---|---|---|---|

All grievances must be submitted within ten business days after the incident occurred, unless it's a sexual abuse or harassment allegation. The inmate filing the grievance must personally prepare this statement. Upon collection by the Office of Constituent and Grievance Services (OCGS) staff, OCGS staff will time-stamp and issue it a grievance reference number. OCGS staff shall provide the inmate with a copy of this form as a record of receipt.

**Grievance:** on february I submitted a grievance is pursuant to my mail being censered. (out going) the respons was that it was sent to head of facility for review, it has been 45 days and no answer, I would like to take my complaint to COLC, but I am being denied the legl because you can only go to them after a decesion is render and their contact enfo is on the appeal of that decesion.

**Action Requested by Inmate:** answered, notification on why my out-going mail is being censered, al for an answer to previeus grievance from head of facility.

**Please read below and check the correct box:**

Do you agree to have your statement edited for clarification by OCGS staff?   Yes ☐   No ☒

Do you need the OCGS staff to write the grievance for you?   Yes ☐   No ☒

Have you filed this grievance with a court or other agency?   Yes ☐   No ☒

Did you require the assistance of an interpreter?   Yes ☐   No ☒

| Inmate's Signature: Alexander Williams | Date of Signature: 03-21-19 |
|---|---|

## FOR DOC OFFICE USE ONLY

**OCGS MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.**

**THIS FORM IS INVALID UNLESS SIGNED BY THE INMATE AND GRIEVANCE COORDINATOR.**

| | Grievance Reference # | Category: |
|---|---|---|
| | Office of Constituent and Grievances Services Coordinator/Officer Signature: | |

without order from judge is illegal and unconstitutional invasion of privacy.

on this date at appx 2:30 pm Captin mathis and 3 other officer approched me threatoning me to lock in and this is how they do mail here at MDC.

The staff here at mdc is emplementing Rules that do not belong. whenever I ask for notice of this policy, I am being told that its not in black in white this is just how we do things.

EXHIBIT  MARKED  C

Exhibit — C

ATTACHMENT — C          Inmate copy

# CITY OF NEW YORK - DEPARTMENT OF CORRECTION



## OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES
### DISPOSITION FORM

Form.: 7102R
Eff.: 9/14/18
Ref.: Dir. 3376R-A

| Grievance Reference #:<br>201158/T118/19 | Date Filed:<br>03/26/19 | | Facility:<br>MDC |
|---|---|---|---|
| Inmate Name:<br>WILLIAMS, ALEXANDER | Book and Case#:<br>141-18-01632 | | Category:<br>MAIL/CORRE |

From OCGS Inmate Statement Form, print or type short description of grievance:   On the above date and time I

was told by the Officer Belilie that she cant take the mail so I handed it to Captain Pochardo and

he said he will take it to security to be mailed again my court order does not state that my mail be sent

out through security therefore there should be no obstruction in the place of my incoming and outgoing mail.

Action Requested by Inmate:   Open and independent investigation give me a hearing on the matter so I can

challenge it I would like to see IG.

### STEP 1: FORMAL RESOLUTION

Check one box: ☑ Grievance    ☐ Submission is not subjected to the Grievance Process

The Office Of Constituent and Grievance Services proposes to formally resolve your grievance as follows below.
Alternatively, OCGS staff shall provide an explanation for why the submission is not subject to the OCGS process.

On 03/26/19 The OCGS reviewed your statement and reviewed MDC Command Level Order for housing

unit 9 North to learn that your housing area is designated Court Order Lock Down and there is a

procedure put in place to the handling the incoming and outgoing mail.  This command level order

specifies that the receiving or sending of all outgoing and incoming correspondence shall be based upon

the content of the inmate's court order and collected by the 9 North Captain and turned over to the

Security Office.

### CHECK THE APPROPRIATE BOX BELOW AND PROVIDE YOUR SIGNATURE
*(Failure to sign forms will forgo your right to appeal the proposed resolution.)*

☐ Yes, I accept the resolution    ☐ No    ☑ I request to appeal the resolution of this grievance to the Commanding officer.

*Note: If you appeal, the grievance staff can request for a preliminary based review if they feel the complaint was thoroughly investigated and addressed, prior to forwarding to the Commanding Officer.  You will receive the outcome of this review within (3) business days to inform you the appeal will proceed or you exhausted administrative remedies.*

| Inmate's Signature: | Date:<br>3/26/19 |
|---|---|

☐ Preliminary Review Requested

| Grievance Coordinator/Officer Signature: | Date:<br>3/26/19 |
|---|---|

ATTACHMENT -B-1

# CITY OF NEW YORK - DEPARTMENT OF CORRECTION
## OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES
## INMATE STATEMENT FORM

Form: 7101R-A
Eff.:9/14/16
Ref.: Dir. 3376R-A

| Inmate's Name: Alexander Williams | Book & Case #: 1411701632 | NYSID #: 01897858L |
|---|---|---|

| Facility: MDC | Housing Area: 9 North | Date of Incident: 3-25-19   10 am | Date Submitted: 3-25-19 |
|---|---|---|---|

All grievances must be submitted within ten business days after the incident occurred, unless it's a sexual abuse or harassment allegation. The inmate filing the grievance must personally prepare this statement. Upon collection by the Office of Constituent and Grievance Services (OCGS) staff, OCGS staff will time-stamp and issue it a grievance reference number. OCGS staff shall provide the inmate with a copy of this form as a record of receipt.

**Grievance:** On the above date and time, I was told by the officer Belidie, that she can't take the mail, so I handed it to caplen Bocterda, and he said he will take it to security to be mailed again my count aide does not shelf that my mail be sent out through security, therefore there should be no obstacles in the flow of my in-coming and out-going mail

**Action Requested by Inmate:** open and independent investigation give me a hearing on the matter so I can challenge it. I would LIKE TO SEE T.G.

**Please read below and check the correct box:**

| | | | | |
|---|---|---|---|---|
| Do you agree to have your statement edited for clarification by OCGS staff? | Yes ☑ | No ☑ | | |
| Do you need the OCGS staff to write the grievance for you? | Yes ☒ | No ☑ | | |
| Have you filed this grievance with a court or other agency? | Yes ☐ | No ☒ | | |
| Did you require the assistance of an interpreter? | Yes ☒ | No ☐ | | |

| Inmate's Signature: Alexh Clellis | Date of Signature: 3-25-19 |
|---|---|

**FOR DOC OFFICE USE ONLY**

OCGS MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.

THIS FORM IS INVALID UNLESS SIGNED BY THE INMATE AND GRIEVANCE COORDINATOR.

TIME STAMP
2019 MAR 25
NYC DEPT CORRECTION
CONSTITUENT & GRIEVANCE SVS

| Grievance Reference #: 201158   7/18/19 | Category: #4-Correspondence/Mail |
|---|---|
| Office of Constituent and Grievances Services Coordinator/Officer Signature: | |

EXHIBIT  MARKED  D

*Exhibit →D*

ATTACHMENT - C        *Inmate copy* 



# CITY OF NEW YORK - DEPARTMENT OF CORRECTION

## OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES

### DISPOSITION FORM

Form.: 7102R
Eff.: 9/14/18
Ref.: Dir. 3376R-A

| Grievance Reference #: 201152/T117/19 | Date Filed: 03/26/19 | | Facility: MDC |
|---|---|---|---|
| Inmate Name: WILLIAMS, ALEXANDER | | Book and Case#: 141-18-01632 | Category: #15-PHONE |

From OCGS Inmate Statement Form, print or type short description of grievance: On the above date and time C.O. Ramirez informed me that security told him not to allow me to use the phone to call 311. This is preventing me from accessing the courts and this is security being retaliating because of my complaints on how they (Security at MDC) is mishandling my incoming and outgoing mail correspondence.

Action Requested by Inmate: Outside investigation into the matter because internal investigation has become bias toward own.

---

### STEP 1: FORMAL RESOLUTION

Check one box:  ☑ Grievance   ☐ Submission is not subjected to the Grievance Process

The Office Of Constituent and Grievance Services proposes to formally resolve your grievance as follows below. Alternatively, OCGS staff shall provide an explanation for why the submission is not subject to the OCGS process.

On 03/26/19 The OCGS reviewed your statement and was in contact with MDC Security to learn that as per your Court Order you are restricted from making any telephone calls to anyone other than your Attorney Jeffrey Chabrowe. A Correction Officer or Captain can dial the telephone to your attorney using your pin number and verify that your attorney answered the phone and then you shall be permitted to utilize the phone.

---

### CHECK THE APPROPRIATE BOX BELOW AND PROVIDE YOUR SIGNATURE
*(Failure to sign forms will forgo your right to appeal the proposed resolution.)*

☐ Yes, I accept the resolution   ☐ No   ☑ I request to appeal the resolution of this grievance to the Commanding officer.

Note: If you appeal, the grievance staff can request for a preliminary based review if they feel the complaint was thoroughly investigated and addressed, prior to forwarding to the Commanding Officer. You will receive the outcome of this review within (3) business days to inform you the appeal will proceed or you exhausted administrative remedies.

| Inmate's Signature: | Date: 3/26/19 |
|---|---|

☐ Preliminary Review Requested

| Grievance Coordinator/Officer Signature: | Date: 3/26/19 |
|---|---|

## CITY OF NEW YORK - DEPARTMENT OF CORRECTION
### OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES
### INMATE STATEMENT FORM

Form.: 7101R-A
Eff.:9/14/18
Ref.: Dir. 3376R-A

| Inmate's Name: Alexender Mellions | Book & Case #: 14118632 | NYSID #: 01892858L |
|---|---|---|

| Facility: MDC | Housing Area: 9 north | Date of Incident: 03-25-19 10:30 Am | Date Submitted: 03-25-19 |
|---|---|---|---|

All grievances must be submitted within ten business days after the incident occurred, unless it's a sexual abuse or harassment allegation. The inmate filing the grievance must personally prepare this statement. Upon collection by the Office of Constituent and Grievance Services (OCGS) staff, OCGS staff will time-stamp and issue it a grievance reference number. OCGS staff shall provide the inmate with a copy of this form as a record of receipt.

**Grievance:**

On the above date and time, ofc. Ramierz informed me that Security told him not to allow me to use the phone to call 311. This is preventing me from accessing the courts, and this is security being retalatory because of my complaints an how they (Security) at MDC is Mis-handling my in-coming and out-going mail correspondence.

**Action Requested by inmate:** Out-side envestigation into the matter because internal envestigation has become bias toward men

**Please read below and check the correct box:**

Do you agree to have your statement edited for clarification by OCGS staff?    Yes ☐  No ☒

Do you need the OCGS staff to write the grievance for you?    Yes ☐  No ☒

Have you filed this grievance with a court or other agency?    Yes ☐  No ☒

Did you require the assistance of an interpreter?    Yes ☐  No ☒

| Inmate's Signature: Elexbe Mellion | Date of Signature: 3-25-19 |
|---|---|

### FOR DOC OFFICE USE ONLY

OCGS MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.

THIS FORM IS INVALID UNLESS SIGNED BY THE INMATE AND GRIEVANCE COORDINATOR

| TIME STAMP
P
2019 MAR 25
NYC DEPT CORRECT.
CONSTITUENT & GRIEVA. | Grievance Reference # 201152 / 7/11/19
Office of Constituent and Grievances Services Coordinator/Officer Signature: Jackwitt#851 | Category: #15-Phone |
|---|---|---|

EXHIBIT  MARKED  E

Exhibit — E

ATTACHMENT - C   Inmate copy



# CITY OF NEW YORK - DEPARTMENT OF CORRECTION
## OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES
### DISPOSITION FORM

Form: 7102R
Eff.: 9/14/18
Ref.: Dir. 3376R-A

| Grievance Reference #: 200465/T114/19 | Date Filed: 03/22/19 | | Facility: MDC |
|---|---|---|---|
| Inmate Name: WILLIAMS, ALEXANDER | | Book and Case#: 141-18-01632 | Category: #15-PHONE |

From OCGS Inmate Statement Form, print or type short description of grievance:    On the above date, no one

afforded me the right to call my attorney.

Action Requested by Inmate:    Fix the issue with the phone.

### STEP 1: FORMAL RESOLUTION

Check one box: ☑ Grievance   ☐ Submission is not subjected to the Grievance Process

The Office Of Constituent and Grievance Services proposes to formally resolve your grievance as follows below. Alternatively, OCGS staff shall provide an explanation for why the submission is not subject to the OCGS process.

On 03/25/19 The OCGS reviewed your statement and was in contact with MDC Security whom stated

that you will be afforded a phone call daily to contact your attorney and proper notations will be made

moving forward to verify phone call usage.

Your requested action is Accepted.

### CHECK THE APPROPRIATE BOX BELOW AND PROVIDE YOUR SIGNATURE
*(Failure to sign forms will forgo your right to appeal the proposed resolution.)*

☑ Yes, I accept the resolution   ☐ No   ☐ I request to appeal the resolution of this grievance to the Commanding officer.

*Note: If you appeal, the grievance staff can request for a preliminary based review if they feel the complaint was thoroughly investigated and addressed, prior to forwarding to the Commanding Officer. You will receive the outcome of this review within 10 business days to inform you the appeal will proceed or you exhausted administrative remedies.*

| Inmate's Signature: | Date: 8/24/19 |
|---|---|
| ☐ Preliminary Review Requested | |
| Grievance Coordinator/Officer Signature: | Date: 3/26/19 |



# CITY OF NEW YORK - DEPARTMENT OF CORRECTION

## OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES
### INMATE STATEMENT FORM

Form.: 7101R-A
Eff.:9/14/18
Ref.: Dir. 3376R-A

**Inmate's Name:** Alexander Williams

**Book & Case #:** 141180163 2

**NYSID #:**

**Facility:** M&C

**Housing Area:** 9N

**Date of Incident:** 03-21-19

**Date Submitted:** 03-21-19

All grievances must be submitted within ten business days after the incident occurred, unless it's a sexual abuse or harassment allegation. The inmate filing the grievance must personally prepare this statement. Upon collection by the Office of Constituent and Grievance Services (OCGS) staff, OCGS staff will time-stamp and issue it a grievance reference number. OCGS staff shall provide the inmate with a copy of this form as a record of receipt.

**Grievance:** On the above date, No one afforded me the right to call my attorney.

**Action Requested by Inmate:** fix the issue with phone.

**Please read below and check the correct box:**

Do you agree to have your statement edited for clarification by OCGS staff?   Yes ☐   No ☒

Do you need the OCGS staff to write the grievance for you?   Yes ☐   No ☒

Have you filed this grievance with a court or other agency?   Yes ☐   No ☒

Did you require the assistance of an interpreter?   Yes ☐   No ☒

**Inmate's Signature:** Alexander Williams

**Date of Signature:** 03-21-19

### FOR DOC OFFICE USE ONLY

OCGS MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.

THIS FORM IS INVALID UNLESS SIGNED BY THE INMATE AND GRIEVANCE COORDINATOR

**TIME STAMP**
2019 MAR 22  A 10:34
NYC DEPT CORRECTION
CONSTITUENT & GRIEVANCE SVC

**Grievance Reference #** 200465 / T114/19

**Category:** #15-phone

**Office of Constituent and Grievances Services Coordinator/Officer Signature:** Jaelin-12351

EXHIBIT  MARKED  F

Exhibit - F

My Name is Samuel Ceruti, I have been housed in unit 9 north for close
to fours years now. In 2018 I myself have been down to the detention
center Law Library on numerous occassion when i needed to research the
charges pending against me. Whenever I needed to go I was escorted by
whatebver captin was working the housing unit on that day and correctional
officers, Angile, Simon Jr and Jospeh. I am certain that this information
can be verified by looking back in the log books of the year 2019.
On March 26 2019, I witnessed inmate Alexander Williams express to
the captin named Pochardo that he was having many issues recieving his
mail from the jails mailroom and being able to send out mail from unit .
The captin explained to Williams that even though its not in black and
white that here at Manhattan Detention Center unit 9 north only the
security deals with the detainessmail. I watched him log something in
the log book in regards to this matter and also call for security captin
Mathis on walkie talkie. After about 20 minutes I observed the Captin
Mathis come through unit gate with other officers in an aggressive manner.
Inmate williams happened to be on the unit wall closes to my door so I
was able to hear the entire discussion between him and Williams. Clearly
I heard captin Mathis tell Williams that if he kept bitching about his
mail that he would stop all of his mail. A few days later the unit had
a facility search and I heard Williams complaining about how photos
of his wife and kids were being handled by co's who were searching
his cell, when I looked out of my cell window I saw that captin Mathis
was standing in front of Williams sale in an aggressive manner.
Also since I have been in this jail my out going mail is constantly being
read before I am allowed to close the envelope.
(I AM WILLING TO TESTIFY TO THE ABOVE MADE STATEMENT BEING TRUE AND
EXACT TO THE BEST OF MY KNOWLEDGE UNDER THE PENALTY OF PERJURY)

Samuel Ceruti
Signature

4/4/19
Date

EXHIBIT MARKED G

# NEW YORK CITY
# DEPARTMENT OF CORRECTION



# INMATE HANDBOOK

Copies of New York City Board of Correction & State Commission
Minimum Standards are available in all Facility Law Libraries.

**REVISED 12/07**

**Religious Services**

- Chaplains from the Jewish, Muslim, Catholic, and Protestant faith groups work for the Department in each of the jails. Each facility has regular services for all four faiths. If your faith is not represented, contact your facility chaplain and he or she will make the necessary arrangements. (Read the "**Religious Rights**" section of this Handbook for more information.)

**Law Libraries**

- You can do legal research while you are in jail. Every facility has a Law Library that you are entitled to use for two hours a day, five days a week, Tuesday through Saturday. The Law Library also has copies of the rules and court orders that describe your rights in jail, including the New York City Board of Correction Minimum Standards and the New York State Commission on Correction Minimum Standards. (Details about how to get to the Law Library, including the hours when it is available, are in the "**Law Library**" section of this Handbook.)

**Grievance Process**

- If you have an issue that cannot be resolved after you have spoken with your Housing Officer, Counselor, Legal or Grievance Coordinator, you may present a complaint in writing to the Grievance Coordinator in your facility who will guide you through the steps to a formal resolution. You may submit a complaint about things that directly affect you such as Department policies, how the policies are carried out or someone else's behavior, including an officer. (See the **Grievance Procedures** section of this Handbook.)

**Discharge Planning**

- Finally, the Department wants to help you to avoid coming back to jail and help make it easier for you to transition back to your community. This help is called discharge planning. You should have received a copy of the *Connections* guide when you were first admitted to the Department. This resource guide lists programs and services that are available to you in New York City and also has a section to help you obtain a job after your release.

- If you did not receive *Connections* at intake, ask your Correctional Counselor for a copy. All Law Libraries also have copies of *"The Center for Community Problem Solving Reentry* Guide" available for your use If you are a sentenced inmate who is housed in either the Rose M. Singer Center or the Eric M. Taylor Center, your facility offers discharge planning services that focus on helping you get a job and housing, and to stay off drugs and alcohol. (See the "**Discharge Planning**" section of this handbook to find out more.)

We hope that this Handbook will help you to take advantage of the Department's programs and services and avoid acting in ways that threaten your own safety, the safety of staff or other inmates. If you have a question about Department programs or rules, ask any uniformed staff member.

3

# TABLE OF CONTENTS

Page Number

ADDRESSES AND TELEPHONE NUMBERS               6
ATTORNEY VISITS                               7
BAIL PAYMENT                                  7-8
CENTRALLY MONITORED CASES
8
CLOSE CUSTODY HOUSING                         9-11
COMMISSARY AND ACCOUNT DEPOSIT SERVICES       11-12
CONDITIONAL RELEASE                           13
COUNSELING SERVICES                           13-14
DISABILITY RIGHTS                             14
DISCHARGE PLANNING                            15–16
EDUCATIONAL SERVICES                          16
EMPLOYMENT WHILE INCARCERATED                 16
ENHANCED RESTRAINT AND RED ID STATUS          17-19
FAMILY EVENTS                                 19-20
FOOD SERVICES – SPECIAL DIETS                 20
GRIEVANCE PROCEDURE                           20-21
HEALTH SERVICES                               21-22
HIGH SECURITY CATEGORIES                      22-3
LAW LIBRARY:  LEGAL REFERENCE MATERIAL AND SUPPLIES  23-24
LOCK-IN AND LOCKOUT                           25
MAIL (CORRESPONDENCE)                         25
MEDIA ACCESS                                  27
MENTAL HEALTH DISCHARGE PLANNING             26-27
MEDIA ACCESS                                  27
NON-DISCRIMINATORY TREATMENT                  27
NURSERY PROGRAM                               28
PACKAGES                                      28-30
PERMISSIBLE ITEMS                             30-34
PERSONAL HYGIENE                              34
PROGRAM SERVICES                             34-35
PROPERTY                                      35
RADIO AND TELEVISION USE                      36
RECREATION                                    36
RELIGIOUS RIGHTS                              36-37
SAFETY & VICTIMS' SERVICES                    38–40
SANITATION                                    40
SIGNIFICANT FAMILY EVENTS                     40-41
SMOKING BAN/ADDICTION HELP                    42
SUICIDE PREVENTION                            42
TELEPHONE CALLS                               42-43
VISITS                                        44-45
VOTING                                        45

- The reasons for the placement in that group/housing area
- The evidence relied upon to make that decision

If this happens, you have the right to a hearing before an impartial Adjudication Captain who is independent of the facility.

If you request a hearing you have the following rights:

- You are allowed to be at the hearing
- You must be told of the evidence against you
- You may make a statement
- You may call staff or inmate witnesses and present reasonable and relevant documentary evidence, at the discretion of the Adjudication Captain; and
- If you cannot read, are visually impaired, or if your case is very complicated, the Adjudication Captain may appoint an Inmate Hearing Assistant to assist you.

The Adjudication Captain will keep notes of what takes place at the hearing to provide a basis for the decision.

The hearing will be held within 72 hours after you receive the written notice of your placement. If a holiday or weekend intervenes, the Department may hold the hearing on the next business day after you receive the written notice of your classification.

If you turn down your opportunity to have a hearing after initially being placed in a high security group or restrictive housing area, you have the right to a hearing at a later date if you request to be removed from restrictive housing. The procedures and time frames are identical to those described above with regard to hearings upon placement.

If the Adjudication Captain decides that you belong in a high security group/housing area, he/she will explain the decision in writing to the Warden within twenty-four (24) hours after the hearing. Within the next twenty-four (24) hours, the Warden will decide whether he/she agrees or disagrees with the Adjudication Captain's decision. You will receive a copy of the Warden's decision in writing.

If you are placed in a high security group/housing area, the Department will review your case every twenty-one (21) days to see if your classification should be changed. You will be notified of the results of that review.

If the Adjudication Captain determines that you do not belong in a high security group/housing area, you will be moved to another area and your records will be updated.

Nothing in this procedure requires the Department to tell you the name of anyone who provided the Department with information on a confidential basis.

## LAW LIBRARY:
## LEGAL REFERENCE MATERIALS AND SUPPLIES

Unless you are in a hospital prison ward, your jail has a full law library that has updated research and reference materials, blank legal forms, a photocopy machine, paper, and typewriters. Hospital prison wards have mini-law libraries. If you need material not

EXHIBIT   MARKED   H

Mr. Williams
141 18 01632
9 NORTH

The following Departmental Directives are available to detainees for **review** only:

1. INMATE GRIEVANCE RESOLUTION PROGRAM;
2. REASONABLE ACCOMMODATION FOR INMATES WITH DISABILITIES; &
3. INMATE ORIENTATION.

EXHIBIT  MARKED  I

ATTACHMENT - L



| CITY OF NEW YORK DEPARTMENT OF CORRECTIONS OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES<br><br>RETURN OF GRIEVANCE FORM | TO BE COMPLETED BY GRIEVANCE COORDINATOR<br><br># 204769 | Form: #7117R<br>Eff.: 9/14/18<br>Ref.: Dir.3376RA |  |

| INMATE NAME AND BOOK AND CASE NUMBER: ALEXANDER WILLIAMS 141-18-01632 | FACILITY: MDC | DATE OF GRIEVANCE: 04/08/19 |

HOUSING ASSIGNMENT: 9 NORTH

DATE GRIEVANCE RETURNED: 4/8/19

THE ATTACHED GRIEVANCE IS BEING RETURNED TO YOU BECAUSE YOU HAVE FAILED TO COMPLY WITH THE INMATE GRIEVANCE PROCEDURES POLICY. THIS GRIEVANCE IS BEING RETURNED FOR THE FOLLOWING REASON(S):

☐ This grievance concerns a Disciplinary Hearing action. This type of action is to be appealed through their own appeal process and not through the grievance process.

☐ There is no indication that you were personally affected by a Department or facility action or policy/procedure.

☐ This grievance appears to be on behalf of a group and group grievances are not permitted.

☐ This grievance is not signed and/or dated and/or does not include your Name, Book & Case number.

☐ This grievance contains multiple issues. Grievances are to address only one (1) issue unless there is a direct relationship between multiple issues. You may submit separate grievances for the separate issues.

☐ This grievance is not legible, understandable, presented in a courteous manner or contains excessive legal jargon.

☐ The grievance concerns an issue that cannot be resolved by the Department of Correction because the issue is beyond the authority of the Department. This issue may be addressed to: _____

☐ This grievance was not submitted within the ten (10) day timeframe. Unless you can show just reason(s) for this delay, this grievance /appeal will not be reviewed.

☒ The issue in this grievance was reviewed and addressed previously in Grievance # 204023

☐ The grievance form submitted was not signed.

TIME STAMP

4/8/19

SIGNATURE OF GRIEVANCE COORDINATOR/OFFICER

_Hilford_

DATE OF RESPONSE

4/8/19

If you wish to proceed with this grievance, you have five (5) working days from the date of their response to submit your grievance, to the Grievance Coordinator/Officer.

# CITY OF NEW YORK - DEPARTMENT OF CORRECTION



**OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES**
**INMATE STATEMENT FORM**

Form.: 7101R-A
Eff.:9/14/18
Ref.: Dir. 3376R-A

| Inmate's Name: ALEXANDER WILLIAMS | Book & Case #: 141-180-1632 | NYSID #: |
|---|---|---|

| Facility: MANHATTAN DETENTION CENTER | Housing Area: 9 north | Date of Incident: 8:00pm 04/06/2019 | Date Submitted: 04/07/2019 |
|---|---|---|---|

All grievances must be submitted within ten business days after the incident occurred, unless it's a sexual abuse or harassment allegation. The inmate filing the grievance must personally prepare this statement. Upon collection by the Office of Constituent and Grievance Services (OCGS) staff, OCGS staff will time-stamp and issue it a grievance reference number. OCGS staff shall provide the inmate with a copy of this form as a record of receipt.

**Grievance:** ON THE ABOVE DATE AND TIME I REQUESTED TO BE ESCORTED TO THE FACILITY LAW LIBRARY TO USE THE KIOSK AND RESERCH IMPORTANT FACTORS IN MY PENDING CRIMINAL CASE AND TO ALSO REVIEW AND LOOK UP FACILITY DIRECTIVES AND PROCEDURES. I ALSO NEED TO RESEARCH IMPORTANT MATEER INVOLVING SOME CIVIL ISUES THAT I AM WORING AND DEALING WITH. CAPTIN ALLEN ATTEMPTED TO TAKE ME DOWN TO LAW LIBRARY WHEN OFC. DELEROASA INFORMED THAT DETAINEES FROM 9 NORTH ARE NOTY ALLOWEED TO COME TO LAW L:IBRARY ANYMORE BECAUSE OF ANOTHER DETAINEE IN THE PAST FROM 9 NORTH REFUSING TO LEAVE when WHEN IR WAS TIME TO LEAVE. THIS STATEMENT WAS LOGGED IN THE UNIT'S LOG BOOK --ON BACK

**Action Requested by Inmate:** TO ALLOW DETAINES FROM 9 NORTH ACCESS TO THE FAC. LAW LIB AND TO EQUIP UNIT 9 NORTH DOWN CELL WITH A KIOSK JUST LIKE OTHER NYC CORR UNIT SUCh AS EMU IN OBCC. IF ONE JAIL HAS IT ALL NYC CORR JAILS SHOULD.

**Please read below and check the correct box:**

| | | |
|---|---|---|
| Do you agree to have your statement edited for clarification by OCGS staff? | Yes ☐ | No ☑ |
| Do you need the OCGS staff to write the grievance for you? | Yes ☐ | No ☑ |
| Have you filed this grievance with a court or other agency? | Yes ☐ | No ☑ |
| Did you require the assistance of an interpreter? | Yes ☐ | No ☑ |

| Inmate's Signature: *alexander Williams* | Date of Signature: 04/07/2019 |
|---|---|

**FOR DOC OFFICE USE ONLY**

**OCGS MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.**

**THIS FORM IS INVALID UNLESS SIGNED BY THE INMATE AND GRIEVANCE COORDINATOR**

| TIME STAMP 4/8/19 | Grievance Reference # 204716 | Category: Return of Grievance |
|---|---|---|
| | Office of Constituent and Grievances Services Coordinator/Officer Signature: *Walters* | |

04/06/2019, PAGE 197 APROXX. 8:00PM. I ASK REPSECTFULLY THAT A COPY OF THAT PAGE BE PHOTOED AND ATTACHED TO THIS GRIEVANCE. IN OBCC AND OTHER SECURING HOUSING UNIT, AROUND RIKERS ISLAND THERE HAS BEEN A CELL DESIGNATED AND DOWN AND THE LEXIS NEXIS LAW LIBRARY KIOSK HAS BEEN INSTALLED TO ALLOW DETAINESS TO ENJOT IN THE RIGHT OF HAVING FULL ACCESS TO A WORKING LAW LIB. MANHATTAN DETENTION CENTER IS A BOROUGH JAIL BUT AN EXTENTION OF NEW YORK CITY DEPT OF CORRECTIONS. I ALSO ASK THAT LAW LIBRARY STAFF MEMBERS BE GIVEN AN ORDER TO WRITE S TATEMENT BASED OFF WHAT I WAS TOLD BECUASE I WAS DENIED THE ABOVE MENTION REFUSAL IN WRITING FOR MY RECORDS..

EXHIBIT   MARKED   J

# CITY OF NEW YORK - DEPARTMENT OF CORRECTION
## OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES
## INMATE STATEMENT FORM

Form: 7101R-A
Eff.:9/14/18
Ref.: Dir. 3376R-A

| Inmate's Name: alexander ellelleen | Book & Case #: 1411801632 | NYSID #: |
|---|---|---|
| Facility: MDC | Housing Area: 9N | Date of Incident: 03-27-19 | Date Submitted: 03-29-19 |

All grievances must be submitted within ten business days after the incident occurred, unless it's a sexual abuse or harassment allegation. The inmate filing the grievance must personally prepare this statement. Upon collection by the Office of Constituent and Grievance Services (OCGS) staff, OCGS staff will time-stamp and issue it a grievance reference number. OCGS staff shall provide the inmate with a copy of this form as a record of receipt.

**Grievance:** I an preparing for trail and need to get to law library and I an being denyed even I need to ese the trail and to research case law and dependices ele ctel(s) requting on paper doen't even the covdinater does not endestad english

**Action Requested by Inmate:** allow me an hour in law library to research and prepare for trial

### Please read below and check the correct box:

| | | |
|---|---|---|
| Do you agree to have your statement edited for clarification by OCGS staff? | Yes ☐ | No ☑ |
| Do you need the OCGS staff to write the grievance for you? | Yes ☐ | No ☑ |
| Have you filed this grievance with a court or other agency? | Yes ☐ | No ☑ |
| Did you require the assistance of an interpreter? | Yes ☐ | No ☑ |

| Inmate's Signature: alexndr ellelleend | Date of Signature: 03-2q -19 |
|---|---|

### FOR DOC OFFICE USE ONLY

**OCGS MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.**

**THIS FORM IS INVALID UNLESS SIGNED BY THE INMATE AND GRIEVANCE COORDINATOR**

| TIME STAMP 4/4/19 | Grievance Reference # 204023 | Category: Law Library |
|---|---|---|
| | Office of Constituent and Grievances Services Coordinator/Officer Signature: | |

# CITY OF NEW YORK - DEPARTMENT OF CORRECTION
## OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES
### INMATE STATEMENT FORM



Form.: 7101R-A
Eff.:9/14/18
Ref.: Dir. 3376R-A

**Inmate's Name:** Alexander Mellea

**Book & Case #:** 141/801672

**NYSID #:**

**Facility:** MDC

**Housing Area:** 9 north

**Date of incident:** 11:AM 4-4-19

**Date Submitted:** 4-4-19

All grievances must be submitted within ten business days after the incident occurred, unless it's a sexual abuse or harassment allegation. The inmate filing the grievance must personally prepare this statement. Upon collection by the Office of Constituent and Grievance Services (OCGS) staff, OCGS staff will time-stamp and issue it a grievance reference number. OCGS staff shall provide the inmate with a copy of this form as a record of receipt.

**Grievance:** on the above date and time I requested through captias smart to be able to go to law library to have full access and be able to prepare for Trial out arraine my cibil matters the law library coordinater ever call for me. I was not allowed to go. this is preventing me to marshal a defense and denying me access to the courts.

**Action Requested by inmate:** To be allowed to have full access to facility law library.

**Please read below and check the correct box:**

Do you agree to have your statement edited for clarification by OCGS staff?          Yes ☑     No ☒

Do you need the OCGS staff to write the grievance for you?                          Yes ☐     No ☒

Have you filed this grievance with a court or other agency?                         Yes ☐     No ☒

Did you require the assistance of an interpreter?                                   Yes ☐     No ☒

**Inmate's Signature:** Alexander Mellea

**Date of Signature:** 4-4-19

### FOR DOC OFFICE USE ONLY

OCGS MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.

THIS FORM IS INVALID UNLESS SIGNED BY THE INMATE AND GRIEVANCE COORDINATOR

**TIME STAMP**

**Grievance Reference #**

**Category:**

**Office of Constituent and Grievances Services Coordinator/Officer Signature:**

ATTACHMENT - C

| | **CITY OF NEW YORK - DEPARTMENT OF CORRECTION** | |
|---|---|---|
| | **OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES** | Form.: 7102R<br>Eff.: 9/14/18<br>Ref.: Dir. 3376R-A |
| | **DISPOSITION FORM** | |

| Grievance Reference #:<br>204023 | Date Filed:<br>4/4/19 | Facility:<br>MDC |
|---|---|---|
| Inmate Name:<br>ALEXANDER WILLIAMS | Book and Case#:<br>141-18-01632 | Category:<br>LAWLIBRARY |

From OCGS Inmate Statement Form, print or type short description of grievance:

I am preparing for trial and need to get to law library and I am being denied access I need to use the kiosk to research case law and the case(s) requesting on paper doesn't work. the coordinator does not understand English.

Action Requested by Inmate: allow me an hour in law library to research and prepare for trial

### STEP 1: FORMAL RESOLUTION

Check one box: ☑ Grievance    ☐ Submission is not subjected to the Grievance Process

The Office Of Constituent and Grievance Services proposes to formally resolve your grievance as follows below. Alternatively, OCGS staff shall provide an explanation for why the submission is not subject to the OCGS process.

Mr. Williams housing area (9 North) is a court ordered lockdown housing area in which law library service are afforded in the housing area. Therefore Mr. Williams is not allowed access to the kiosk which is physically in the law library.  As per North Tower law library 9 North is serviced 5 days a week and their protocol is for 9 North inmates to sign the sheet for what they will like to be researched and the law library coordinator will research it and provide the paper work to them. As per law library, Mr. Williams receives his mandated service of law library.

### CHECK THE APPROPRIATE BOX BELOW AND PROVIDE YOUR SIGNATURE
*(Failure to sign forms will forgo your right to appeal the proposed resolution.)*

☐ Yes, I accept the resolution   ☐ No   ☑ I request to appeal the resolution of this grievance to the Commanding officer.

*Note: If you appeal, the grievance staff can request for a preliminary based review if they feel the complaint was thoroughly investigated and addressed, prior to forwarding to the Commanding Officer. You will receive the outcome of this review within (3) business days to inform you the appeal will proceed or you exhausted administrative remedies.*

| Inmate's Signature: *[signature]* | Date: 4/4/19 |
|---|---|

☐   Preliminary Review Requested

| Grievance Coordinator/Officer Signature: | Date:<br>4/4/19 |
|---|---|

ATTACHMENT - J

| | CITY OF NEW YORK - DEPARTMENT OF CORRECTION | |
|---|---|---|
| | **OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES** | Form.:7115R<br>Eff.:9/14/18<br>Ref.: Dir.: 3376R-A |
| | **GRIEVANCE INVESTIGATION FORM** | |

| Inmate's Name:<br>ALEXANDER WILLIAMS | Book & Case #:<br>141-18-01632 | NYSID #:<br>01897858L |
|---|---|---|
| Grievance Reference #:<br>204023 | Facility:<br>MDC | Housing Area:<br>9 NORTH |

**Issue:** I am preparing for trial and need to get to law library and I am being denied access I need to use the
kiosk to research case law and the case(s) requesting on paper doesn't work. the coordinator does not understand English

**Action Requested:** allow me an hour in law library to research and prepare for trial

**Person(s) Contacted:** LAW LIBRARY OFFICER

**Statement(s) Provided:**

**Related Documents:**

**Conclusion:** Mr. Williams housing area (9 North) is a court ordered lockdown housing area in which law library services are afforded
in the housing area. Therefore Mr. Williams is not allowed access to the kiosk which is physically in the law library.
As per North Tower law library 9 North is serviced 5 days a week and their protocol is for 9 North
inmates to sign the sheet for what they will like to be researched and the law library coordinator will research it and
the law library coordinator will research it and provide the paper work to them. As per law library, Mr. Williams

| Completed by: | | | |
|---|---|---|---|
| Grievance Coordinator (Signature): | | Shield: | Date: 4/4/19 |
| Grievance Officer (Signature): | | Date: | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Alexander Williams**
(full name of the plaintiff/petitioner)

-

against

-

**Department of Corrections**
**Correctional Officer Alexander**
**Deputy Rivera**
**Captain Mathis**
(full name(s) of the defendant(s)/respondent(s))

19 CV 03347 (    )(    )
(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

## PRISONER AUTHORIZATION

By signing below, I acknowledge that:

(1)  because I filed this action as a prisoner,[1] I am required by statute (28 U.S.C. § 1915) to pay the full filing fees for this case, even if I am granted the right to proceed *in forma pauperis* (IFP), that is, without prepayment of fees;

(2)  the full $350 filing fee will be deducted in installments from my prison account, even if my case is dismissed or I voluntarily withdraw it.

I authorize the agency holding me in custody to:

(1)  send a certified copy of my prison trust fund account statement for the past six months (from my current institution or any institution in which I was incarcerated during the past six months);

(2)  calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from my prison trust fund, and disburse those amounts to the Court.

This authorization applies to any agency into whose custody I may be transferred and to any other district court to which my case may be transferred.

5-10-19
Date

Signature

WILLIAMS   SR   ALEXANDER
Name (Last, First, MI)

141-180-1632
Prison Identification #

125   WHITE   STREET         NY.
Address                          City

NY.         10013
State        Zip Code

[1] A "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of

parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

SDNY Rev. 10/26/16

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Alexander Williams

(full name of the plaintiff or petitioner applying (each person
must submit a separate application))

-against-

19  CV 03347  (  ) (  )

(Provide docket number, if available; if filing this with
your complaint, you will not yet have a docket number.)

Department of Corrections

Correctional Officer Alexander

Deputy Rivera

Captain Mathis

(full name(s) of the defendant(s)/respondent(s))

## APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS

I am a plaintiff/petitioner in this case and declare that I am unable to pay the costs of these proceedings and I believe that I am entitled to the relief requested in this action. In support of this application to proceed *in forma pauperis* (IFP) (without prepaying fees or costs), I declare that the responses below are true:

1. *Are you incarcerated?*            Yes            No   (If "No," go to Question 2.)
   I am being held at: M.b.c. 125 WHite St
   NY NY 10013
   Do you receive any payment from this institution?   Yes   No

   Monthly amount: 22.00

   If I am a prisoner, *see* 28 U.S.C. § 1915(h), I have attached to this document a "Prisoner Authorization" directing the facility where I am incarcerated to deduct the filing fee from my account in installments and to send to the Court certified copies of my account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b). I understand that this means that I will be required to pay the full filing fee.

2. Are you presently employed?   ☐ Yes   ☑ No

   If "yes," my employer's name and address are:

   Gross monthly pay or wages: NA

   If "no," what was your last date of employment? NA

   Gross monthly wages at the tim  e: NA

3. In addition to your income stated above (which you should not repeat here), have you or anyone else living at the same residence as you received more than $200 in the past 12 months from any of the following sources? Check all that apply.

   (a) Business, profession, or other self-employment   ☐ Yes   ☑ No
   (b) Rent payments, interest, or dividends   ☐ Yes   ☑ No

SDNY Rev: 8/5/2015

(c) Pension, annuity, or life insurance payments     ☐ Yes   ☑ No

(d) Disability or worker's compensation payments     ☐ Yes   ☑ No

(e) Gifts or inheritances     ☐ Yes   ☑ No

(f) Any other public benefits (unemployment, social security, food stamps, veteran's, etc.)     ☐ Yes   ☑ No

(g) Any other sources     ☐ Yes   ☑ No

If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.

If you answered "No" to all of the questions above, explain how you are paying your expenses:

I HAVE NONE

4.  How much money do you have in cash or in a checking, savings, or inmate account?

$ 230.00

5.  Do you own any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, including any item of value held in someone else's name? If so, describe the property and its approximate value:

NO

6.  Do you have any housing, transportation, utilities, or loan payments, or other regular monthly expenses? If so, describe and provide the amount of the monthly expense:

NA

7.  List all people who are dependent on you for support, your relationship with each person, and how much you contribute to their support (only provide initials for minors under 18):

JAELYNN MCCRAY
$25 Monthly

8.  Do you have any debts or financial obligations not described above? If so, describe the amounts owed and to whom they are payable:

NYS CHILD SUPPORT

*Declaration:* I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims.

| | |
|---|---|
| 5-10-19 | _Alexander Williams Jr_ |
| Dated | Signature |
| WILLIAMS   SR   ALEXANDER | 141-180-1632 |
| Name (Last, First, MI) | Prison Identification # (if incarcerated) |
| 125  WHITE  ST           N.Y | NY          10013 |
| Address           City | State         Zip Code |

| | |
|---|---|
| Telephone Number | E-mail Address (if available) |

Alexander Williams Jr. 141-180-1632

Manhattan Detention Cen.

125 White Street

NY  NY   10013

RECEIVED
MAY 24 2019
U.S.D.C.
WP

RE: Enclosed Addendum.                    May 10 2019

          Enclosed is a complaint addendum to

19-CV-3347.  I am hopeful that I submitted correctly.

          I know that I have a specific time

frame in which to serve the defendants, so I've

been constantly writing to ensure I am following

correct process of the court.

          I am hopeful that I will hear from you

soon.



Sincerely Submitted

Alexander Williams Jr.

Alexander Williams Jr.

ALEXANDER WILLIAMS 141-100-1633
M.D.C.
125 WHITE ST
NY. NY. 10013

UCM wp
SDNY

CLERK OF COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NY
300 QUARROPAS ST
WHITE PLAINS NY 10601

LEGAL OF INMATE

