

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

**JOSHUA A. WEINER**
*Senior Counsel*
phone: (212) 356-2249
fax: (212) 356-3509
e-mail: jweiner@law.nyc.gov

March 18, 2020

**BY ECF**
Honorable Lewis J. Liman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

**BY ECF**
Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
4 Foley Square
New York, NY 10007

Motion to Consolidate GRANTED. The cases at issue, 19-cv-3347 and 19-cv-8737, involve common questions of law and fact. For convenience, expedition, and judicial economy, the Court exercises its discretion to consolidate these cases into a single action. See Federal Rule of Civil Procedure 42(a)(2). The Clerk of Court is directed to consolidate these cases under the case number 19-cv-3347, and to close 19-cv-8737. SO ORDERED. 3/23/2020.

LEWIS J. LIMAN
United States District Judge

Re: Alexander Williams v. City of New York, et al., 19 Civ. 3347 (LJL) (JLC)

Alexander Williams v. City of New York, et al., 19 Civ. 8737 (ER)

Your Honors:

I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to represent defendants the City of New York, Rivera, Mathis, Ramirez, and Alexander. There is presently a separate, but related, case that is pending before District Judge Edgardo Ramos in the Southern District of New York, entitled Alexander Williams v. City of New York, et al., 19 Civ. 8737 (ER) ("Williams II"), which involves the same plaintiff and similar claims alleged against defendant the City of New York.[1] Accordingly, Defendants write to respectfully request that, in the interests of judicial economy,

[1] Williams II also names New York City Department of Correction Officer Martinez, and civilian employees Green and Padillo, as defendants. These defendants are also represented by the undersigned.

the Court consolidate these two separate cases. The parties, on December 11, 2019, conferred by telephone regarding potential consolidation of the two cases. In a letter sent after that conversation, dated December 11, 2019, plaintiff informed Defendants that he opposed consolidation.[2]

By way of background, plaintiff is a pre-trial detainee in the custody of the New York City Department of Corrections ("DOC") at the Manhattan Detention Center ("MDC"). Plaintiff filed his amended complaint in this matter ("Williams I") on May 24, 2019. (ECF No. 9.) As the Court is aware, Plaintiff alleges that, between January 20, 2019 and April 1, 2019, Defendants, correction officers at MDC, opened and read his outgoing and incoming mail, denied him access to the law library, and ignored his grievances. (See Williams I, Compl., pp. 4-5. (ECF No. 9.)) Plaintiff filed his complaint in Williams II on September 20, 2019, alleging that, between June 25, 2019 and September 10, 2019, the defendants confiscated his mail, denied his ability to timely mail summonses and complaints to correction officers he was suing in a state court proceeding, and did not timely process his grievances. (See Williams II Compl., pp. 4-5, 7-11. (ECF No. 2.))

The Federal Rules of Civil Procedure empower a court to consolidate cases when the separate actions involve a common question of law or fact. Fed. R. Civ. P. 42(a). "Differences in causes of action [or] defendants . . . do not render consolidation inappropriate" if there is a common question of law or fact and the "differences do not outweigh the interests of judicial economy served by consolidation." Christiansen v. Immelt (In re GE Sec. Litig.), No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4-*5 (S.D.N.Y. July 29, 2009) (internal quotation marks omitted). In fact, consolidation is favored "to avoid unnecessary costs or delay and to expedite trial and eliminate unnecessary repetition and confusion." Velasquez v. SSA, Nos. 19-CV-4655 (JMA); 19-CV-4820 (JMA), 2019 U.S. Dist. LEXIS 175626, at *2 (E.D.N.Y. Oct. 8, 2019) (internal quotation marks omitted).

Here, Williams I and Williams II should be consolidated because they share key common questions of law and fact. The central issues in each case will be how plaintiff's mail was handled at MDC during 2019 and whether the individual defendants' handling of Plaintiff's mail caused him any constitutional harm. Such common questions of law and fact support consolidation of Williams I and Williams II. See Internet Law Library, Inc. v. Southridge Capital Mgmt. LLC, 208 F.R.D. 59, 61 (S.D.N.Y. 2002) (concluding that the separate actions should be consolidated because they have common questions of law and fact, and plaintiffs' legal claims and defendants' defenses revolve around the parties' actions in relation to a central issue). That each lawsuit alleges mishandling of different pieces of mail does not defeat consolidation as plaintiff's overarching allegations in each case are nearly identical. See Christiansen, 2009 U.S. Dist. LEXIS 69133, at *7-*8 (finding that there would not be prejudice or confusion in consolidating several actions with different allegations because the different allegations are "in line with the overarching allegations" of the other cases). Indeed, much of the discovery in the two cases, especially discovery into any policies or practices regarding the handling of plaintiff's mail, will be overlapping. See Internet Law Library, 208 F.R.D. at 62

[2] The delay in filing the instant motion was caused by the fact that this matter had to be transferred to be handled by the undersigned when prior counsel, Ms. Pallini, left the Office in early February 2020.

(favoring consolidation because discovery would overlap as between the two cases). Moreover, should the Court consolidate these two cases, plaintiff will have to sit for deposition once instead of twice, which will further conserve the parties' resources. Finally, Williams I and Williams II are both in the discovery stage, a fact which strongly favors consolidation. See Brown v. Freeport Police Dep't, Nos. 13-CV-4047 (SJF) (GRB); 13-CV-6514 (SJF) (GRB), 2014 U.S. Dist. LEXIS 8524, at *10 (E.D.N.Y. Jan. 23, 2014) (noting the similar stages of each case as one reason for consolidation).

Accordingly, Defendants respectfully request that, in the interest of judicial economy, Williams I and Williams II be consolidated. Thank you for your consideration in this matter.

Sincerely,

Joshua A. Weiner

Joshua A. Weiner[3]
*Senior Counsel*

cc: **VIA FIRST-CLASS MAIL**
Alexander Williams
Manhattan Detention Complex
125 White Street
New York, New York 10013

[3] This case has been assigned to Assistant Corporation Counsel Aaron Davison, who passed the New York State Bar Exam and is presently applying for admission. Mr. Davison is handling this matter under supervision and may be reached at (646) 988-3220 or adavison@law.nyc.gov.

# EXHIBIT A

**DECLARATION OF SERVICE BY MAIL**

I, Joshua A. Weiner, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on March 18, 2020, I served the annexed LETTER MOTION TO CONSOLIDATE as attorney for Defendants City of New York, Rivera, Mathis, Alexander, and Ramirez, upon the following plaintiff pro se by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiff at the address set forth below, being the address designated by plaintiff for that purpose:

Alexander Williams
Manhattan Detention Complex
125 White Street
New York, New York 10013

Dated: New York, New York
March 18, 2020

*Joshua A. Weiner*
Joshua A. Weiner[1]
*Senior Counsel*
Special Federal Litigation Division

[1] This case has been assigned to Assistant Corporation Counsel Aaron Davison, who passed the New York State Bar Exam and is presently applying for admission. Mr. Davison is handling this matter under supervision and may be reached at (646) 988-3222 or adavison@law.nyc.gov.