UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X

ALEXANDER WILLIAMS,

                                    Plaintiff,

- against -

THE CITY OF NEW YORK, CAPT BERNARD MATHIS, CAPTIN JOHN HERNANDEZ, CAPT GORITZ, ADW HARVEY, WARDEN SWAUREZ, DEPUTY GALLOWAY, DEPUTY BAILEY, CO SANDRA ESPINOZA AND CO WELLS,

                                    Defendants.

------------------------------------------------------------------------- X

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANT THE CITY OF NEW YORK**

19-CV-3347 (LJL) (JLC)

**Jury Trial Demanded**

       Defendant the City of New York, by its attorney, James E. Johnson, Corporation Counsel of the City of New York, as and for its answer to plaintiff's amended complaint, dated July 21, 2020 ("the amended complaint") respectfully alleges, upon information and belief, the following:

1. Denies the allegations set forth in page 1, Section I, of the amended complaint, except admits only that Plaintiff purports to proceed as stated therein.

2. Denies the allegations set forth on page 1, Section II, of the amended complaint, except admits only that, upon information and belief, at the time the complaint was filed, Plaintiff was incarcerated at Manhattan Detention Complex, at 125 White Street, New York, NY 10013, under the Prisoner ID # 141-180-1632.

3. Denies the allegations set forth on page 1-2, Section III, of the amended complaint, except admits only that, upon information and belief, at the time of the complaint was filed, Plaintiff was incarcerated as a pretrial detainee.

4. Denies the allegations set forth on page 2-4, Section IV, of the amended complaint, except admits only that, at the time the complaint was filed, upon information and belief, Defendants Mathis, Hernandez, Goritz, Harvey, Suarez, Bailey, Galloway, Espinoza, and Wells were employed by the City of New York as New York City Department of Correction officers and were assigned to Manhattan Detention Complex at 125 White Street, New York, NY 10013.

5. Denies the allegations set forth on page 4, Section V, in paragraph "1" of the amended complaint, except admits, upon information and belief, that Correction Officer Sandra Espinoza was an employee of City of New York within the New York City Department of Correction and was assigned to Manhattan Detention Complex at 125 White Street, New York, NY 10013.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the amended complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

8. Denies the allegations set forth in paragraph "4" of the amended complaint. Defendants further state that to the extent the amended complaint references the content of "Command Level Order 104/19" such document speaks for itself and Defendants refer the Court to such document for a recitation of its contents.

9. Denies the allegations set forth in paragraph "5" of the amended complaint, except admits that, upon information and belief, Plaintiff has been incarcerated in MDC since, and has been under Court-ordered Lockdown since January 19, 2019.

10. Denies the allegations set forth in paragraph "6" of the amended complaint, except admits that, upon information and belief, Plaintiff has initiated the following federal and state lawsuits since the beginning of his incarceration in MDC: 19-CV-3347; 19-CV-8737; 20-CV-3992; 20-CV-0516; 19-CV-9528; 2019/101616; 100314/2020; 100910/2019.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the amended complaint, except admits that, upon information and belief, Plaintiff has previously named non-party Elyn Rivera and Defendants City of New York and Bernard Mathis in previous lawsuits.

12. Denies the allegations set forth in paragraph "8" of the amended complaint.

13. Denies the allegations set forth in paragraph "9" of the amended complaint, except admits that, upon information and belief, Command Level Order 104/19 was implemented on April 12, 2019.

14. Denies the allegations set forth in paragraph "10" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that "[o]n or about Dec 21 2019 the plaintiff was informed that for him to access social service at the facility he would have to submit a slip to the officer on the floor of the housing unit 9 North and then security would have to approve it."

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the amended complaint.

16. Denies the allegations set forth in paragraph "12" of the amended complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the amended complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the amended complaint.

19. Denies the allegations set forth in paragraph "15" of the amended complaint, except admits that, upon information and belief, Plaintiff file a grievance.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the amended complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the amended complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the amended complaint, except denies the allegation that "mailroom officer Sandra Espinoza has a unwritten policy that packages and anything that has a tracking number is to be op[e]ned in the mailroom and delivered to the inmate/plaintiff in a brown paper bag."

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the amended complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the amended complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the amended complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the amended complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the amended complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the amended complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the amended complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the amended complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the amended complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the amended complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the amended complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the amended complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the amended complaint.

36. Denies the allegations set forth in paragraph "32" of the amended complaint, except admits that, upon information and belief, on April 22, 2020, Plaintiff ran to the janitor's closet.

37. Denies the allegations set forth in paragraph "33" of the amended complaint, except admits, upon information and belief, on April 22, 2020, Defendant Captain Goritz deployed chemical agent to Plaintiff's facial area.

38. Denies the allegations set forth in paragraph "34" of the amended complaint.

39. Denies the allegations set forth in paragraph "35" of the amended complaint, except admits that, upon information and belief, on April 22, 2020, Plaintiff ran to his cell after Defendant Captain Goritz deployed the chemical agent to Plaintiff's facial area.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the amended complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the amended complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the amended complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the amended complaint, except admits that, upon information and belief, on April 22, 2020, Plaintiff was taken to the medical clinic at 2:25 p.m.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the amended complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the amended complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the amended complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the amended complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the amended complaint.  Defendants further

        state that to the extent the amended complaint references the content of "Command Level Order 104/19" such document speaks for itself and Defendants refer the Court to such document for a recitation of its contents

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the amended complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the amended complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the amended complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the amended complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the amended complaint.

54. Denies paragraph "50" of the amended complaint and subparts (A) through (F).

55. Denies paragraph "51" of the amended complaint and subparts (A) through (D).

56. Denies paragraph "52" of the amended complaint, dealing with Defendants John Hernandez and Captain Bernard Mathis, and subparts (A) through (E).

57. Denies paragraph "52" of the amended complaint, dealing with Defendant Wells, and subpart (A).

58. Denies paragraph "53" of the amended complaint, and subpart (A).

59. Denies paragraph "54" of the amended complaint, and subparts (A) through (D).

60. Denies paragraph "54" of the amended complaint, dealing with Defendant Suarez, and subparts (A) through (B).

61. Denies paragraph "55" of the amended complaint, and subparts (A) through (D).

62. Denies paragraph "56" of the amended complaint, and subparts (A) through (H).

63. Denies the allegations set forth on page 19, Section VI, "Injuries," of the amended complaint.

64. Denies the allegations set forth on page 19, Section VI, "Injuries," beginning with "Excessive" and concluding with "breathing," of the amended complaint.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth on pages 19-20, Section VI, "Injuries," beginning with "Denial" and concluding with "area," of the amended complaint.

66. Denies the allegations set forth on page 20, Section VI, "Injuries," beginning with "Retaliation" and concluding with "1983," of the amended complaint. Defendants further state that, to the extent that the allegations contain legal conclusions, no response need be given.

67. Denies the allegations set forth on page 20, Section VI, "Injuries," beginning with "Custom" and concluding with "Policy," of the amended complaint. Defendants further state that, to the extent that the allegations contain legal conclusions, no response need be given.

68. Denies the allegations set forth on page 20, Section VI, "Injuries," beginning with "Deficient" and concluding with "herein," of the amended complaint. Defendants further state that, to the extent that the allegations contain legal conclusions, no response need be given.

69. States that page 20, Section VI, "Injuries," beginning with "Righst" and concluding with "Complaint," of the amended complaint does not contain factual allegations to

which Defendant is required to respond. Defendants further state that, to the extent that the allegations contain legal conclusions, no response need be given.

70. Denies that plaintiff is entitled to any of the relief requested in paragraph "57" of the amended complaint.

71. Denies that plaintiff is entitled to any of the relief requested in paragraph "58" of the amended complaint.

72. Denies that plaintiff is entitled to any of the relief requested in paragraph "59" of the amended complaint.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the unnumbered paragraph on page 21, titled "Amendment" beginning with "The" and concluding with "reopen," of the amended complaint, except admits that, upon information and belief, Plaintiff has pending criminal charges.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the unnumbered paragraph on page 21, titled "Amendment" beginning with "The" and concluding with "case," of the amended complaint.

75. Denies the allegations set forth in the unnumbered paragraph on page 21, titled "Amendment" beginning with "The" and concluding with "let," of the amended complaint, except admits that, upon information and belief, MDC has a law library.

76. Denies the allegations set forth in the unnumbered paragraph on page 21, titled "Amendment" beginning with "As" and concluding with "jail," of the amended complaint.

77. Denies the allegations set forth in the unnumbered paragraph on page 21, titled "Amendment" beginning with "The" and concluding with "policies," of the amended complaint.

78. Denies the allegations set forth in the unnumbered paragraph on page 21, titled "Amendment" beginning with "Furthermore" and concluding with "criminal," of the amended complaint, except admits that, upon information and belief, Plaintiff currently has several pending civil lawsuits and a pending criminal matter.

79. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the unnumbered paragraph on page 21, titled "Amendment" beginning with "Also" and concluding with "incident," of the amended complaint, except admits that, upon information and belief, Plaintiff is allowed to call certain documented people under his Lockdown Order.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the unnumbered paragraph on page 22, titled "Amendment" beginning with "When" and concluding with "Cott," of the amended complaint, except admits that, upon information and belief, Aixa Padillo is a Defendant in one of Plaintiff's civil lawsuits.

81. Denies the allegations set forth in the unnumbered paragraph on page 22, titled "Amendment" beginning with "It" and concluding with "to," of the amended complaint.

## FIRST AFFIRMATIVE DEFENSE

82. The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

83. Defendant has not violated any right, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political division thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE

84. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of any defendant.

### FOURTH AFFIRMATIVE DEFENSE

85. Punitive damages cannot be assessed against Defendant City of New York.

### FIFTH AFFIRMATIVE DEFENSE

86. Plaintiff provoked or was at fault for any alleged incident.

### SIXTH AFFIRMATIVE DEFENSE

87. To the extent that the complaint alleges any claims arising under the laws of the State of New York, such claims may be barred in whole or in part by reason of Plaintiff's failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h, and/or 50-i.

### SEVENTH AFFIRMATIVE DEFENSE

88. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, Defendant City of New York is entitled to governmental immunity from liability.

### EIGHTH AFFIRMATIVE DEFENSE

89. Plaintiff failed to state a viable claim under Monell v. Dep't of Social Servs., 436 U.S. 658 (1978).

## NINTH AFFIRMATIVE DEFENSE

90. Plaintiff may have failed to mitigate his damages.

## TENTH AFFIRMATIVE DEFENSE

91. Plaintiff's claims may be barred, in whole or in part, by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, for failure to exhaust administrative remedies.

**WHEREFORE**, Defendant City of New York demands judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 15, 2020

JAMES E. JOHNSON
Corporation Counsel of the
City of New York
*Attorney for Defendant City of New York*
100 Church Street, Room 3-181
New York, New York 10007
(212) 356-2249

By:  *Joshua A. Weiner*
Joshua A. Weiner[1]
Senior Counsel
Special Federal Litigation

cc: **VIA FIRST-CLASS MAIL**
Alexander Williams
Manhattan Detention Complex

---

[1] This case has been assigned to Assistant Corporation Counsel Aaron Davison, who passed the New York State Bar Exam and is presently applying for admission. Mr. Davison is handling this matter under supervision and may be reached at (646) 988-3220 or adavison@law.nyc.gov.

125 White Street
New York, New York 10013