UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| ALEXANDER WILLIAMS,<br><br>                              Plaintiff,<br><br>- against -<br><br>THE CITY OF NEW YORK, CAPT BERNARD MATHIS, CAPTIN JOHN HERNANDEZ, CAPT GORITZ, ADW HARVEY, WARDEN SWAUREZ, DEPUTY GALLOWAY, DEPUTY BAILEY, CO SANDRA ESPINOZA AND CO WELLS,<br><br>                              Defendants. | **ANSWER TO SECOND AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, MATHIS, HERNANDEZ, CALLOWAY, BAILEY, ESPINOSA, AND WELLS**<br><br>19-CV-3347 (LJL) (JLC)<br><br>**Jury Trial Demanded** |

------------------------------------------------------------------------X

Defendants City of New York, Captain Bernard Mathis, Captain John Hernandez, Correction Officer Sandra Espinosa, Deputy Warden Brian Calloway, Deputy Warden Valerie Bailey, and Correction Officer Jakar Wells, by their attorney, James E. Johnson, Corporation Counsel of the City of New York, as and for their answer to plaintiff's second amended complaint, dated July 21, 2020 ("the amended complaint") respectfully allege, upon information and belief, the following:

1. Deny the allegations set forth in page 1, Section I, of the amended complaint, except admit only that Plaintiff purports to proceed as stated therein.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth on page 1, Section II, of the amended complaint, except admit only that, upon information and belief, at the time the complaint was filed, Plaintiff was incarcerated at Manhattan Detention Complex, at 125 White Street, New York, NY 10013, under the Prisoner ID # 141-180-1632.

3. Admit only that, upon information and belief, at the time the complaint was filed, Plaintiff was incarcerated as a pretrial detainee, as set forth on page 1-2, Section III, of the amended complaint.

4. Deny the allegations set forth on pages 2-4, Section IV, of the amended complaint, except admit only that, at the time the complaint was filed, Defendants Mathis, Hernandez, Goritz, Harvey, Suarez, Bailey, Galloway, Espinosa, and Wells were employed by the City of New York as New York City Department of Correction officers and were assigned to Manhattan Detention Complex at 125 White Street, New York, NY 10013.

5. Deny the allegations set forth on page 4, Section V, in paragraph "1" of the amended complaint, except admit, upon information and belief, that Correction Officer Sandra Espinosa was an employee of City of New York within the New York City Department of Correction and was assigned to Manhattan Detention Complex at 125 White Street, New York, NY 10013.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "2" of the amended complaint, except admit that, upon information and belief, Plaintiff has filed a number of grievances.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "3" of the amended complaint.

8. Deny the allegations set forth in Section V, paragraph "4" of the amended complaint. Defendants further state that to the extent the amended complaint references the contents of a court order and/or "Command Level Order 104/19," Defendants refer the Court to such documents for a complete recitation of their contents.

9. Deny the allegations set forth in Section V, paragraph "5" of the amended complaint, except admits that, upon information and belief, Plaintiff has been incarcerated at MDC, and has been under Court-ordered Lockdown, since January 19, 2019.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "6" of the amended complaint, except admit that, upon information and belief, Plaintiff has initiated the following federal and state lawsuits since the beginning of his incarceration in MDC: 19-CV-3347; 19-CV-8737; 20-CV-3992; 20-CV-0516; 19-CV-9528; 2019/101616; 100314/2020; 100910/2019.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "7" of the amended complaint, except admit that, upon information and belief, Plaintiff has previously named non-party Elyn Rivera and Defendants City of New York and Bernard Mathis as defendants in previous lawsuits.

12. Deny the allegations set forth in Section V, paragraph "8" of the amended complaint.

13. Deny the allegations set forth in Section V, paragraph "9" of the amended complaint, except admit that, upon information and belief, Command Level Order 104/19 was implemented on April 12, 2019, and Command Level Order 307/19 was implemented on November 8, 2019, which restricted inmate contact with Social Service personnel.

14. Deny the allegations set forth in Section V, paragraph "10" of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that "[o]n or about Dec 21 2019 the plaintiff was informed that for him to access social service at the facility he would have to submit a slip to the

officer on the floor of the housing unit 9 North and then security would have to approve it."

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "11" of the amended complaint, except admit that Command Level Order 307/19 restricted inmate contact with Social Service personnel.

16. Deny the allegations set forth in Section V, paragraph "12" of the amended complaint.

17. Deny the allegations set forth in Section V, paragraph "13" of the amended complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "14" of the amended complaint.

19. Admit only that, upon information and belief, Plaintiff filed a grievance as alleged in Section V, paragraph "15" of the amended complaint.

20. Admit only that, upon information and belief, Plaintiff filed a grievance as alleged in Section V, paragraph "16" of the amended complaint.

21. Admit only that, upon information and belief, Plaintiff filed a grievance as alleged in Section V, paragraph "17" of the amended complaint.

22. Deny the allegations set forth in Section V, paragraph "18" of the amended complaint, except admit that, upon information and belief, Plaintiff filed a grievance; and further, deny knowledge or information as to whether plaintiff was expecting mail from his attorney and/or wife.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "19" of the amended complaint, except admit that, upon information and belief, Plaintiff filed a grievance.

24. Deny the allegations set forth in Section V, paragraph "20" of the amended complaint.

25. Deny the allegations set forth in Section V, paragraph "21" of the amended complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "22" of the amended complaint, except admit that Defendant Calloway participated in implementing a box for social service access on Unit 9 North.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "23" of the amended complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "24" of the amended complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "25" of the amended complaint.

30. Deny the allegations set forth in Section V, paragraph "26" of the amended complaint, except admit that, upon information and belief, that Plaintiff's mail was discussed.

31. Deny the allegations set forth in Section V, paragraph "27" of the amended complaint.

32. Deny the allegations set forth in Section V, paragraph "28" of the amended complaint.

33. Deny the allegations set forth in Section V, paragraph "29" of the amended complaint.

34. Deny the allegations set forth in Section V, paragraph "30" of the amended complaint.

35. Deny the allegations set forth in Section V, paragraph "31" of the amended complaint.

36. Deny the allegations set forth in Section V, paragraph "32" of the amended complaint, except admit that, upon information and belief, Plaintiff ran to the janitor's closet, opened the door, ran back toward Captain Gorritz, and ran toward his cell.

37. Deny the allegations set forth in Section V, paragraph "33" of the amended complaint, except admit that, upon information and belief, Plaintiff was sprayed with a chemical agent.

38. Deny the allegations set forth in Section V, paragraph "34" of the amended complaint, except admit, upon information and belief, that Plaintiff was sprayed with a two second burst of a chemical agent. Defendants further state that to the extent the amended complaint references the content of a policy pertaining to chemical agents and anticipated uses of force, Defendants refer the Court to such document for a complete recitation of its contents.

39. Deny the allegations set forth in Section V, paragraph "35" of the amended complaint, except admit, upon information and belief, that Plaintiff ran toward his cell and that he was handcuffed.

40. Deny the allegations set forth in Section V, paragraph "36" of the amended complaint, except admit that, upon information and belief, Plaintiff was taken to the intake area.

41. Deny the allegations set forth in Section V, paragraph "37" of the amended complaint.

42. Deny the allegations set forth in Section V, paragraph "38" of the amended complaint.

43. Deny the allegations set forth in Section V, paragraph "39" of the amended complaint, except admit that, upon information and belief, Plaintiff complained about his shoulder and wrist while at the clinic.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "40" of the amended complaint.

45. Deny the allegations set forth in Section V, paragraph "41" of the amended complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "42" of the amended complaint, except deny any "acts of retaliation by Defendants."

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "43" of the amended complaint, except deny the allegations that "per ADW Harvey . . . he was not allowed to take a shower is he had taken a shower within the last (3) days even if he had ben maced."

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "44" of the amended complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "45" of the amended complaint, except deny any allegations concerning ADW Harvey.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "46" of the amended complaint, except deny the allegations that "defendant Sandra Espinosa" tampered with Plaintiff's mail.

51. Deny the allegations set forth in Section V, paragraph "47" of the amended complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "48" of the amended complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "49" of the amended complaint.

54. Deny Section V, paragraph "50" of the amended complaint and subparts (A) through (G).

55. Deny Section V, paragraph "51" of the amended complaint and subparts (A) through (D).

56. Deny Section V, paragraph "52" of the amended complaint, and subparts (A) through (E).

57. Deny Section V, second paragraph "52" of the amended complaint and subpart (A).

58. Deny Section V, paragraph "53" of the amended complaint and subpart (A).

59. Deny Section V, paragraph "54" of the amended complaint, and subparts (A) through (D).

60. Deny Section V, paragraph "54" of the amended complaint, and subparts (A) through (B).

61. Deny Section V, paragraph "55" of the amended complaint, and subparts (A) through (D).

62. Deny Section V, paragraph "56" of the amended complaint, and subparts (A) through (H).

63. Deny the allegations set forth in Section VI, "Injuries," of the amended complaint; except admit that Plaintiff was sprayed with a chemical agent and that he complained about his shoulder and wrist. Defendants further state that to the extent that the allegations contain conclusions of law, rather than averments of fact, no response to those portions are required.

64. Deny that plaintiff is entitled to any of the relief requested in Section VII, paragraph "57" of the amended complaint.

65. Deny that plaintiff is entitled to any of the relief requested in Section VII, paragraph "58" of the amended complaint.

66. Deny that plaintiff is entitled to any of the relief requested in Section VII, paragraph "59" of the amended complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the unnumbered paragraph on page 21, titled "Amendment" beginning with "The" and concluding with "reopen," of the amended complaint, except admit that, upon information and belief, Plaintiff has pending criminal charges.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the unnumbered paragraph on page 21, titled "Amendment" beginning with "The" and concluding with "case," of the amended complaint.

69. Deny the allegations set forth in the unnumbered paragraph on page 21, titled "Amendment" beginning with "The" and concluding with "let," of the amended complaint, except admit that MDC has a law library.

70. Deny the allegations set forth in the unnumbered paragraph on page 21, titled "Amendment" beginning with "As" and concluding with "jail," of the amended complaint.

71. Deny the allegations set forth in the unnumbered paragraph on page 21, titled "Amendment" beginning with "The" and concluding with "policies," of the amended complaint.

72. Deny the allegations set forth in the unnumbered paragraph on page 21, titled "Amendment" beginning with "Furthermore" and concluding with "criminal," of the amended complaint, except admit that, upon information and belief, Plaintiff currently has several pending civil lawsuits and a pending criminal matter.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the unnumbered paragraph on page 21, titled "Amendment" beginning with "Also" and concluding with "incident," of the amended complaint, except admit that, upon information and belief, Plaintiff is allowed to call certain people pursuant to the Lockdown Order.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the unnumbered paragraph on page 22, titled "Amendment"

beginning with "When" and concluding with "Cott," of the amended complaint, except admit that, upon information and belief, Aixa Padillo is a Defendant in one of Plaintiff's civil lawsuits.

75. Deny the allegations set forth in the unnumbered paragraph on page 22, titled "Amendment" beginning with "It" and concluding with "to," of the amended complaint.

### FIRST AFFIRMATIVE DEFENSE

76. The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

77. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political division thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE

78. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of any defendant.

### FOURTH AFFIRMATIVE DEFENSE

79. Punitive damages cannot be assessed against defendant City of New York or any individually-named Defendants in their official capacity.

### FIFTH AFFIRMATIVE DEFENSE

80. Plaintiff provoked or was at fault for any alleged incident.

**SIXTH AFFIRMATIVE DEFENSE**

81. To the extent that the complaint alleges any claims arising under the laws of the State of New York, such claims may be barred in whole or in part by reason of Plaintiff's failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h, and/or 50-i.

**SEVENTH AFFIRMATIVE DEFENSE**

82. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, Defendant City of New York is entitled to governmental immunity from liability.

**EIGHTH AFFIRMATIVE DEFENSE**

83. Plaintiff failed to state a viable claim under Monell v. Dep't of Social Servs., 436 U.S. 658 (1978).

**NINTH AFFIRMATIVE DEFENSE**

84. Plaintiff may have failed to mitigate his damages.

**TENTH AFFIRMATIVE DEFENSE**

85. Plaintiff's claims may be barred, in whole or in part, by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, for failure to exhaust administrative remedies.

**ELEVENTH AFFIRMATIVE DEFENSE**

86. Defendants did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## TWELFTH AFFIRMATIVE DEFENSE

87. Pertaining to the alleged state law claims, defendants acted reasonably and in the proper and lawful exercise of their discretion. Therefore, they are entitled to immunity on any asserted state law claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

88. To the extent that force was used, it was reasonable under the circumstances.

## FOURTEENTH AFFIRMATIVE DEFENSE

89. Any claims arising under state law may be barred in whole, or part, on statute of limitations grounds.

**WHEREFORE**, Defendants demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	October 19, 2020

        JAMES E. JOHNSON
        Corporation Counsel of the
        City of New York
        *Attorney for Defendants City of New York, Mathis, Espinosa, Calloway, Bailey, and Wells*
        100 Church Street
        New York, New York 10007

By:	*Qiana Smith-Williams*
	Qiana Smith-Williams[1]
	Senior Counsel
	Special Federal Litigation

cc:	**VIA FIRST-CLASS MAIL**
	Alexander Williams
	Manhattan Detention Complex
	125 White Street
	New York, New York 10013

---

[1] This case has been assigned to Assistant Corporation Counsel Aaron Davison, who passed the New York State Bar Exam and is presently applying for admission. Mr. Davison is handling this matter under supervision and may be reached at (646) 988-3220 or adavison@law.nyc.gov.