UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

ALEXANDER WILLIAMS,

Plaintiff,

- against -

THE CITY OF NEW YORK, CAPT BERNARD MATHIS, CAPTIN JOHN HERNANDEZ, CAPT GORITZ, ADW HARVEY, WARDEN SWAUREZ, DEPUTY GALLOWAY, DEPUTY BAILEY, CO SANDRA ESPINOZA AND CO WELLS,

Defendants.

------------------------------------------------------------------- X

**ANSWER TO SECOND AMENDED COMPLAINT ON BEHALF OF DEFENDANT HARVEY**

19-CV-3347 (LJL) (JLC)

**Jury Trial Demanded**

Defendant Assistant Deputy Warden Sonya Harvey, by her attorney, James E. Johnson, Corporation Counsel of the City of New York, as and for her answer to plaintiff's second amended complaint, dated July 21, 2020 ("the amended complaint") respectfully alleges, upon information and belief, the following:

1. Denies the allegations set forth in page 1, Section I, of the amended complaint, except admits only that Plaintiff purports to proceed as stated therein.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth on page 1, Section II, of the amended complaint, except admits only that, upon information and belief, at the time the complaint was filed, Plaintiff was incarcerated at Manhattan Detention Complex, at 125 White Street, New York, NY 10013, under the Prisoner ID # 141-180-1632.

3. Admits only that, upon information and belief, at the time the complaint was filed, Plaintiff was incarcerated as a pretrial detainee, as set forth on page 1-2, Section III, of the amended complaint.

4. Denies the allegations set forth on pages 2-4, Section IV, of the amended complaint, except admits only that, upon information and belief, at the time the complaint was filed, Defendants Mathis, Hernandez, Gorritz, Harvey, Suarez, Bailey, Galloway, Espinosa, and Wells were employed by the City of New York as New York City Department of Correction officers and were assigned to Manhattan Detention Complex at 125 White Street, New York, NY 10013.

5. Denies the allegations set forth on page 4, Section V, in paragraph "1" of the amended complaint, except admits, upon information and belief, that Correction Officer Sandra Espinosa was an employee of City of New York within the New York City Department of Correction and was assigned to Manhattan Detention Complex at 125 White Street, New York, NY 10013.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "2" of the amended complaint, except admits that, upon information and belief, Plaintiff has filed a number of grievances.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "3" of the amended complaint.

8. Denies the allegations set forth in Section V, paragraph "4" of the amended complaint. Defendant further states that to the extent the amended complaint references the contents of a court order and/or "Command Level Order 104/19,"

Defendant refers the Court to such documents for a complete recitation of their contents.

9. Denies the allegations set forth in Section V, paragraph "5" of the amended complaint, except admits that, upon information and belief, Plaintiff has been incarcerated at MDC, and has been under Court-ordered Lockdown, since January 19, 2019.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "6" of the amended complaint, except admits that, upon information and belief, Plaintiff has initiated the following federal and state lawsuits since the beginning of his incarceration in MDC: 19-CV-3347; 19-CV-8737; 20-CV-3992; 20-CV-0516; 19-CV-9528; 2019/101616; 100314/2020; 100910/2019.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "7" of the amended complaint, except admits that, upon information and belief, Plaintiff has previously named non-party Elyn Rivera and Defendants City of New York and Bernard Mathis as defendants in previous lawsuits.

12. Denies the allegations set forth in Section V, paragraph "8" of the amended complaint.

13. Denies the allegations set forth in Section V, paragraph "9" of the amended complaint, except admits that, upon information and belief, Command Level Order 104/19 was implemented on April 12, 2019, and Command Level Order 307/19 was

implemented on November 8, 2019, which restricted inmate contact with Social Service personnel.

14. Denies the allegations set forth in Section V, paragraph "10" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that "[o]n or about Dec 21 2019 the plaintiff was informed that for him to access social service at the facility he would have to submit a slip to the officer on the floor of the housing unit 9 North and then security would have to approve it."

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "11" of the amended complaint, except admits that Command Level Order 307/19 restricted inmate contact with Social Service personnel.

16. Denies the allegations set forth in Section V, paragraph "12" of the amended complaint.

17. Denies the allegations set forth in Section V, paragraph "13" of the amended complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "14" of the amended complaint.

19. Admits only that, upon information and belief, Plaintiff filed a grievance as alleged in Section V, paragraph "15" of the amended complaint.

20. Admits only that, upon information and belief, Plaintiff filed a grievance as alleged in Section V, paragraph "16" of the amended complaint.

21. Admits only that, upon information and belief, Plaintiff filed a grievance as alleged in Section V, paragraph "17" of the amended complaint.

22. Denies the allegations set forth in Section V, paragraph "18" of the amended complaint, except admits that, upon information and belief, Plaintiff filed a grievance; and further, denies knowledge or information as to whether plaintiff was expecting mail from his attorney and/or wife.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "19" of the amended complaint, except admits that, upon information and belief, Plaintiff filed a grievance.

24. Denies the allegations set forth in Section V, paragraph "20" of the amended complaint.

25. Denies the allegations set forth in Section V, paragraph "21" of the amended complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "22" of the amended complaint, except admits that Defendant Calloway participated in implementing a box for social service access on Unit 9 North.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "23" of the amended complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "24" of the amended complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "25" of the amended complaint.

30. Denies the allegations set forth in Section V, paragraph "26" of the amended complaint, except admits that, upon information and belief, that Plaintiff's mail was discussed.

31. Denies the allegations set forth in Section V, paragraph "27" of the amended complaint.

32. Denies the allegations set forth in Section V, paragraph "28" of the amended complaint.

33. Denies the allegations set forth in Section V, paragraph "29" of the amended complaint.

34. Denies the allegations set forth in Section V, paragraph "30" of the amended complaint.

35. Denies the allegations set forth in Section V, paragraph "31" of the amended complaint.

36. Denies the allegations set forth in Section V, paragraph "32" of the amended complaint, except admits that, upon information and belief, Plaintiff ran to the janitor's closet, opened the door, ran back toward Captain Gorritz, and ran toward his cell.

37. Denies the allegations set forth in Section V, paragraph "33" of the amended complaint, except admits that, upon information and belief, Plaintiff was sprayed with a chemical agent.

38. Denies the allegations set forth in Section V, paragraph "34" of the amended complaint, except admits, upon information and belief, that Plaintiff was sprayed with a two second burst of a chemical agent. Defendant further states that to the extent the

amended complaint references the content of a policy pertaining to chemical agents and anticipated uses of force, Defendant refers the Court to such document for a complete recitation of its contents.

39. Denies the allegations set forth in Section V, paragraph "35" of the amended complaint, except admits, upon information and belief, that Plaintiff ran toward his cell and that he was handcuffed.

40. Denies the allegations set forth in Section V, paragraph "36" of the amended complaint, except admits that, upon information and belief, Plaintiff was taken to the intake area.

41. Denies the allegations set forth in Section V, paragraph "37" of the amended complaint.

42. Denies the allegations set forth in Section V, paragraph "38" of the amended complaint.

43. Denies the allegations set forth in Section V, paragraph "39" of the amended complaint, except admits that, upon information and belief, Plaintiff complained about his shoulder and wrist while at the clinic.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "40" of the amended complaint.

45. Denies the allegations set forth in Section V, paragraph "41" of the amended complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "42" of the amended complaint, except denies any "acts of retaliation by Defendants."

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "43" of the amended complaint, except denies the allegations that "per ADW Harvey . . . he was not allowed to take a shower is he had taken a shower within the last (3) days even if he had ben maced."

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "44" of the amended complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "45" of the amended complaint, except denies any allegations concerning ADW Harvey.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "46" of the amended complaint, except denies the allegations that "defendant Sandra Espinosa" tampered with Plaintiff's mail.

51. Denies the allegations set forth in Section V, paragraph "47" of the amended complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "48" of the amended complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section V, paragraph "49" of the amended complaint.

54. Denies Section V, paragraph "50" of the amended complaint and subparts (A) through (G).

55. Denies Section V, paragraph "51" of the amended complaint and subparts (A) through (D).

56. Denies Section V, paragraph "52" of the amended complaint, and subparts (A) through (E).

57. Denies Section V, second paragraph "52" of the amended complaint and subpart (A).

58. Denies Section V, paragraph "53" of the amended complaint and subpart (A).

59. Denies Section V, paragraph "54" of the amended complaint, and subparts (A) through (D).

60. Denies Section V, paragraph "54" of the amended complaint, and subparts (A) through (B).

61. Denies Section V, paragraph "55" of the amended complaint, and subparts (A) through (D).

62. Denies Section V, paragraph "56" of the amended complaint, and subparts (A) through (H).

63. Denies the allegations set forth in Section VI, "Injuries," of the amended complaint; except admits that Plaintiff was sprayed with a chemical agent and that he complained about his shoulder and wrist. Defendant further states that to the extent that the allegations contain conclusions of law, rather than averments of fact, no response to those portions are required.

64. Denies that plaintiff is entitled to any of the relief requested in Section VII, paragraph "57" of the amended complaint.

65. Denies that plaintiff is entitled to any of the relief requested in Section VII, paragraph "58" of the amended complaint.

66. Denies that plaintiff is entitled to any of the relief requested in Section VII, paragraph "59" of the amended complaint.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the unnumbered paragraph on page 21, titled "Amendment" beginning with "The" and concluding with "reopen," of the amended complaint, except admits that, upon information and belief, Plaintiff has pending criminal charges.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the unnumbered paragraph on page 21, titled "Amendment" beginning with "The" and concluding with "case," of the amended complaint.

69. Denies the allegations set forth in the unnumbered paragraph on page 21, titled "Amendment" beginning with "The" and concluding with "let," of the amended complaint, except admits that MDC has a law library.

70. Denies the allegations set forth in the unnumbered paragraph on page 21, titled "Amendment" beginning with "As" and concluding with "jail," of the amended complaint.

71. Denies the allegations set forth in the unnumbered paragraph on page 21, titled "Amendment" beginning with "The" and concluding with "policies," of the amended complaint.

72. Denies the allegations set forth in the unnumbered paragraph on page 21, titled "Amendment" beginning with "Furthermore" and concluding with "criminal," of the amended complaint, except admits that, upon information and belief, Plaintiff currently has several pending civil lawsuits and a pending criminal matter.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the unnumbered paragraph on page 21, titled "Amendment"

beginning with "Also" and concluding with "incident," of the amended complaint, except admits that, upon information and belief, Plaintiff is allowed to call certain people pursuant to the Lockdown Order.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the unnumbered paragraph on page 22, titled "Amendment" beginning with "When" and concluding with "Cott," of the amended complaint, except admits that, upon information and belief, Aixa Padillo is a Defendant in one of Plaintiff's civil lawsuits.

75. Denies the allegations set forth in the unnumbered paragraph on page 22, titled "Amendment" beginning with "It" and concluding with "to," of the amended complaint.

**FIRST AFFIRMATIVE DEFENSE**

76. The complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

77. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political division thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

**THIRD AFFIRMATIVE DEFENSE**

78. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendant.

**FOURTH AFFIRMATIVE DEFENSE**

79. Punitive damages cannot be assessed against defendant in her official capacity.

**FIFTH AFFIRMATIVE DEFENSE**

80. Plaintiff provoked or was at fault for any alleged incident.

**SIXTH AFFIRMATIVE DEFENSE**

81. To the extent that the complaint alleges any claims arising under the laws of the State of New York, such claims may be barred in whole or in part by reason of Plaintiff's failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h, and/or 50-i.

**SEVENTH AFFIRMATIVE DEFENSE**

82. Plaintiff failed to state a viable claim under Monell v. Dep't of Social Servs., 436 U.S. 658 (1978).

**EIGHTH AFFIRMATIVE DEFENSE**

83. Plaintiff may have failed to mitigate his damages.

**NINTH AFFIRMATIVE DEFENSE**

84. Plaintiff's claims may be barred, in whole or in part, by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, for failure to exhaust administrative remedies.

**TENTH AFFIRMATIVE DEFENSE**

85. Defendant did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

**ELEVENTH AFFIRMATIVE DEFENSE**

86. Pertaining to the alleged state law claims, defendant acted reasonably and in the proper and lawful exercise of her discretion. Therefore, she is entitled to immunity on any asserted state law claims.

**TWELFTH AFFIRMATIVE DEFENSE**

87. To the extent that force was used, it was reasonable under the circumstances.

**THIRTEENTH AFFIRMATIVE DEFENSE**

88. Any claims arising under state law may be barred in whole, or part, on statute of limitations grounds.

**WHEREFORE**, Defendant demands judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 2, 2020

JAMES E. JOHNSON
Corporation Counsel of the
City of New York
*Attorney for Defendant Harvey*
100 Church Street
New York, New York 10007

By: *Qiana Smith-Williams*
Qiana Smith-Williams[1]
Senior Counsel
Special Federal Litigation

cc: **VIA FIRST-CLASS MAIL**
Alexander Williams
Manhattan Detention Complex
125 White Street
New York, New York 10013

[1] This case has been assigned to Assistant Corporation Counsel Aaron Davison, who passed the New York State Bar Exam and is presently applying for admission. Mr. Davison is handling this matter under supervision and may be reached at (646) 988-3220 or adavison@law.nyc.gov.