UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ALEXANDER WILLIAMS,

                Plaintiff,

      -v-

N.Y.C. DEPT. OF CORRECTIONS, et al.,

                Defendants.
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/3/2020

19-cv-3347 (LJL)(JLC)

MEMORANDUM &
ORDER

LEWIS J. LIMAN, United States District Judge:

      Before the Court are applications for a Temporary Restraining Order and order to show cause. Dkt. Nos. 117-18.

      Plaintiff Alexander Williams ("Plaintiff") is a pre-trial detainee in the custody of the New York City Department of Corrections. In three separate actions that have since been consolidated, Plaintiff alleges that between January 2019 and July 2020, corrections officers at the Manhattan Detention Center ("MDC"), at which Plaintiff was detained in the relevant time period, read, confiscated and otherwise interfered with Plaintiffs outgoing mail, denied Plaintiff a telephone call to his criminal attorney and access to the MDC law library, ignored grievances and retaliated against Plaintiff, used excessive force against Plaintiff by spraying him with a chemical agent, and denied him adequate medical care. *See* No. 19-cv-3347, Dkt. No. 9; No. 19-cv-8737, Dkt. No. 2; No. 20-cv-3992, Dkt. No. 12 ("Consolidated Complaints"). By letter dated November 6, 2020, Plaintiff advised the Court and the parties that he is no longer being housed at MDC but is now at George R. Vierno Center ("GRVC"). *See* Dkt. No. 112. On November 24, 2020 Plaintiff filed the motion for a Temporary Restraining Order ("TRO") and an order to show cause that are now before the Court. *See* Dkt. Nos. 117-18.

Plaintiff's TRO application makes a number of allegations of maltreatment at GRVC. These include allegations about the physical and environmental conditions in which Plaintiff is being detained,[1] that his use of certain facilities has been restricted,[2] that his ability to communicate with his attorney and others has been impeded,[3] and that he is being denied appropriate medical care.[4]  *See* Dkt. No. 117 at 2-8.  Plaintiff argues that these conditions violate his constitutional rights and constitute a denial of his ability to prosecute both the instant action and marshal a defense of his underlying criminal case.

In the Second Circuit, the standards for a temporary restraining order and preliminary injunction are the same.  *Lee v. Trump*, 2020 WL 4547225, at *1 (S.D.N.Y. Aug. 6, 2020).  "A preliminary injunction is an equitable remedy and an act of discretion by the court."  *Am. C.L. Union v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015).  "In general, a party seeking a preliminary injunction or temporary restraining order 'must . . . show a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest.'"  *Coronel v. Decker*, 449 F. Supp. 3d 274, 280-81 (S.D.N.Y. 2020) (quoting *Clapper*, 804 F.3d at 622 (citation omitted)).

---

[1] In particular, Plaintiff alleges that he was restricted for four days from taking a shower and subsequently limited to three showers per week; that his food was prepared outside of his presence and by personnel who allegedly lack proper food handling certification; that he was denied the ability to observe a kosher diet; that he has been subjected to enhanced restraints outside of his housing unit; that he is forced to use a shower that has not been recently cleaned; and that he is not been allowed to clean his cell despite unsanitary conditions.

[2] Plaintiff alleges that his access to the commissary has been restricted; that he was denied stamps and envelopes that he had ordered from the commissary; and that he has been restricted from using a type writer and from requesting material without GRVC staff screening and approving it beforehand.

[3] Plaintiff alleges that he was restricted for five days from calling his attorney; that his attorney was permitted to visit but had his laptop confiscated; that his mail must go through the security office before being mailed out, despite this restriction not being listed on his Lockdown Order; that he is not permitted to speak to his attorney on the telephone without an officer stationed outside of his cell door; and that he was not produced for a court appearance.

[4] Plaintiff alleges that in a five-day period he was denied his medication and that he was denied a sick call examination.

However, it is "inappropriate for the court to grant a request for injunctive relief that is unrelated to the claims and the defendants in the complaint." *Al-Bukhari v. Semple*, 2019 WL 859264, at *3 (D. Conn. Feb. 22, 2019). An injunction is a remedy for a violation alleged in a complaint. It is appropriate when the intermediate relief is of "the same character as that which relief may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside the issues in the suit." *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945); *see Al-Bukhari*, 2019 WL 859264, at *3 (citing *De Beers Consol Mines Ltd.*, 325 U.S. at 220). Nor is it appropriate when the persons against whom the injunctive relief is sought have not directly or through privies been named or haled before the court; in that instance, injunctive relief would at best be a meaningless act and at worst be awarded without due process to the party sought to be enjoined. *See Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 377-78, 380 (S.D.N.Y. 2020), *adhered to in relevant part on reconsideration*, No. 18-CV-1774 (LJL), 2020 WL 5350541 (S.D.N.Y. Sept. 4, 2020) (limiting injunction as not to enjoin non-parties to the case); 11A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2956 (3d ed. 2020) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction."). Indeed, as a formal matter, "[o]nly after an action has been commenced can preliminary injunctive relief be obtained." *Stewart v. INS*, 762 F.2d 193, 198 (2d Cir. 1985) (citing Fed. R. Civ. P. 65(a)(2) ("Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of *the action* on the merits . . .") (emphasis added)). Were the rule otherwise, a party could circumvent even the "liberal rules which would [allow] for the amendment" of a complaint, *id.* at 199, and the rules for obtaining jurisdiction, seeking relief first and only seeking amendment and making service later.

In *Stewart v. INS*, a plaintiff alleging racial discrimination by his employer moved for a preliminary injunction against the same employer on a theory of retaliation after he was

3

suspended from his position in an incident subsequent to the filing of his original complaint. The Second Circuit held that the district court exceeded its jurisdiction in part because the plaintiff "failed to commence an action in the district court with regard to his claim of improper suspension without pay prior to filing his motion for a preliminary injunction," and consequently "the district court lacked jurisdiction over [plaintiff's] motion for injunctive relief relating to the same conduct." 762 F.2d at 199. The court continued:

> [Plaintiff's] . . . motion for preliminary injunctive relief, claiming discrimination and retaliation based on his suspension without pay . . . presents issues which are entirely different from those which were alleged in his original complaint. Since [plaintiff] neither filed a separate complaint in the district court relating to his suspension without pay . . . nor sought to avail himself of the liberal rules which would have allowed for the amendment of his original October, 1983 complaint, we hold that no jurisdictional basis existed upon which the district court herein could have issued its preliminary injunctive relief. Although the filing of a complaint will not necessarily satisfy other jurisdictional requirements, *it is certainly a necessary condition.*

*Id*. (emphasis added).

For the same reasons articulated in *Stewart*, the instant motion must be dismissed for lack of jurisdiction. The Consolidated Complaints are based on the conduct of corrections officers at MDC between January and July of 2020. The instant motion seeks injunctive relief based upon entirely different conduct of different correctional officers at GRVC in November 2020. *See id*. at 198-99; *Al-Bukhari*, 2019 WL 859264, at *3 (denying motions for preliminary injunctive relief based upon conditions of confinement at a different facility and as administered by different correctional officers than those implicated in the motions); *Milner v. Black*, 2017 WL 2661626, at *1-2 (D. Conn. June 20, 2017) (same).

The absence of jurisdiction to grant the TRO is not a mere formal matter of Plaintiff's failure to include a motion to amend the complaint alongside his application for a TRO. Were it the case that the Plaintiff sought a TRO based on additional, later, allegations against the same defendants, the Court might be prepared to consider the *pro se* motion both a motion to amend

4

the complaint and a motion for a TRO. But the allegations in the TRO application involve different personnel at different facilities in different time periods and conduct of an entirely different character than the conduct alleged in the Consolidated Complaints. Defendants correctly point out that "the consolidated complaints reflect allegations of improper surveillance of [P]laintiff's mail, improper handling of his grievances, interference with [P]laintiff's attempts to timely serve process on [D]efendants . . . and alleged excessive use of force. In comparison, the TRO motion focuses on allegations regarding shower usage, food preparation, access to the commissary, cleaning materials, and medication, as well as allegations that [P]laintiff has been placed on enhanced restraint." Dkt. No. 122 at 3. Thus, were it the case that Plaintiff's instant filings had included a motion to amend the Consolidated Complaints to add additional claims against the additional GRVC corrections officers who have allegedly mistreated him, those parties would be on firm ground to challenge both service and their joinder as Defendants to this action on the basis that the right to relief asserted against them does not arise from the same transaction, occurrence, or series of transactions or occurrences that underlie the Consolidated Complaints. Fed. R. Civ. P. 20(a)(2); *see Golden Goose Deluxe Brand v. Aierbushe*, 2019 WL 2162715, at *1 (S.D.N.Y. May 16, 2019) (to satisfy Rule 20 requirements for joinder of defendants, the various claims must be so "logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit," and there must be "substantial" overlap in questions of law or fact) (citations omitted); *cf. Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir. 1990) (in the Rule 42 context, the discretion of district courts to consolidate cases is "not unfettered" and must "yield to a paramount concern for a fair and impartial trial") (enumerating factors to consider) (citations omitted). In short, that Plaintiff has brought claims in this Court for constitutional violations by MDC officers does not authorize

5

the Court, in the same action, to address Plaintiff's grievances against other corrections officers wherever, whenever, and however those violations are alleged to have occurred.[5]

For the foregoing reasons, Plaintiff's application for a Temporary Restraining Order and order to show cause at Dkt. Nos. 117-18 are DENIED. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: November 25, 2020
       New York, New York

LEWIS J. LIMAN
United States District Judge

---

[5] The allegations in the TRO application that bear the greatest continuity with the claims in the complaint are that Plaintiff's mail is handled by GRVC security officers before being mailed out and that he was restricted from calling his attorney for five days. Even if the Court had jurisdiction over these allegations—which it does not, for the reasons stated above—Plaintiff has made no showing that he is likely to be irreparably harmed by this conduct absent entry of a TRO. *See Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020) ("The showing of irreparable harm is perhaps the single most important prerequisite for a preliminary injunction.") (quoting *CF 135 Flat LLC v. Triadou SPY N.A.*, 2016 WL 2349111, at *1 (S.D.N.Y. May 3, 2016)). To satisfy the irreparable harm prong of the TRO standard, a Plaintiff must "show that the injury it will suffer is likely imminent, not remote or speculative, and that such injury is not capable of being fully remedied by money damages." *Id*. (quoting *NAACP v. Town of E. Haven*, 70 F.3d 219, 224 (2d Cir. 1995)). Plaintiff has not made any showing that his mail is being interfered with in any way that would cause him harm. Nor does Plaintiff does allege that he is being actively restricted from speaking with his attorney. *See Hardy v. Fischer*, 701 F. Supp. 2d 614, 619 (S.D.N.Y. 2010) ("[A]n ongoing constitutional violation more closely resembles irreparable injury than does a constitutional violation that was suffered in the past and which can be remedied only by money damages. . . . *Ongoing* unlawful deprivations of liberty and the threat of unlawful detention and reimprisonment would violate plaintiffs' constitutional rights and therefore constitute quintessential irreparable harm.") (emphasis added).