```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ALEXANDER WILLIAMS,                                              :
                                                                 :
                                   Plaintiff,                    :
                                                                 :      19-cv-3347 (LJL)
                -v-                                              :
                                                                 :      MEMORANDUM AND
N.Y.C. DEPT. OF CORRECTIONS et al,                               :           ORDER
                                                                 :
                                   Defendants.                   :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/14/2022

LEWIS J. LIMAN, United States District Judge:

On April 14, 2022, the Court held a telephonic conference in this matter to discuss how the case should proceed to trial. At the conference and after discussion with the Court, Plaintiff Alexander Williams—who has been proceeding pro se—agreed with the Court's suggestion that the Court request *pro bono* counsel to represent him in the action. For the following reasons, the Court requests *pro bono* counsel to represent Plaintiff.

## BACKGROUND

Plaintiff brought this Section 1983 action against the City of New York and sixteen individual defendants from the New York City Department of Corrections, alleging that Defendants violated his constitutional rights under the First and Fourteenth Amendments during his pretrial incarceration at the Manhattan Detention Complex ("MDC"). Dkt. No. 186 at 1. Specifically, Plaintiff alleged mail tampering or interference, denial of access to the courts, retaliation, excessive force, and deliberate indifference to medical needs. *Id.*

On February 14, 2022, the Court adopted the Report and Recommendation issued by Magistrate Judge Cott thereby denying Plaintiff's motion for summary judgment and granting Defendants' cross-motion for summary judgment, except as to the First Amendment retaliation

claims against defendants Captain Bernard Mathis and C.O. Wells.  Dkt. No. 188; *see also* Dkt. No. 186 (Report and Recommendation).

As to the surviving retaliation claims, Plaintiff contends that Mathis and Wells retaliated against him for filing grievances and lawsuits against the officers at the MDC.  Dkt. No. 186 at 48.  "To succeed on a First Amendment retaliation claim, a plaintiff 'must establish (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected [conduct] and the adverse action.'"  *Id.* (quoting *Vasquez v. Cty. of Rockland*, 2020 WL 883514, at *7 (S.D.N.Y. Feb. 24, 2020)).  "[I]t is settled law that the filing of grievances is a constitutionally protected act."  *Id.* at 49 (citing *Vidal v. Valentin*, 2019 WL 3219442, at *7 (S.D.N.Y. July 17, 2019)).  Because the first prong was met, Magistrate Judge Cott considered whether any triable issues of fact existed with regard to the second and third prongs—whether any named defendants took adverse actions against Plaintiff, and, if so, whether a causal connection existed between the conduct and that action—and concluded that triable issues of fact remained.

As to adverse actions, triable issues of fact remain as to two types of adverse actions.  First, Plaintiff contends that Wells and another corrections officer searched Plaintiff's cell and took legal documents needed for ongoing civil litigation.  *Id.* at 50.  Magistrate Judge Cott concluded that, although cell searches alone often do not rise to the level of an adverse action, they may be actionable if combined with other conduct such as destruction of property, and that the purported confiscation of Plaintiff's documents during the cell search he describes constituted a triable issue of fact.  *Id.* at 50–51.  Second, according to Plaintiff, Mathis came to Plaintiff's housing area and threatened him, saying that, if Plaintiff did not remove Mathis from civil complaint No. 19-cv-3347, Mathis was going to make Plaintiff's stay at MDC hard and that

he would no longer send and/or receive mail. *Id.* at 51. "Verbal threats may constitute adverse action, though whether they constitute adverse action seems to depend on their specificity and the context in which they are uttered." *Id.* (quoting *Lunney v. Brureton*, 2007 WL 1544629, at *23 (S.D.N.Y. May 29, 2007), *adopted by* 2007 WL 2050301 (July 18, 2007)). Magistrate Judge Cott concluded that Plaintiff's detailed allegations of Mathis's verbal threats may well rise to the level of an adverse action and that whether these threats are sufficiently details and specific to rise to the level of an adverse action are triable issues for a jury. *Id.* at 52.

Triable issues of fact also remain as to causal connection. "In considering whether a causal connection exists, a court may infer an improper or retaliatory motive in the adverse action from: (1) the temporal proximity of the filing to the grievance and the disciplinary action; (2) the inmate's prior good disciplinary record; (3) vindication at a hearing on the matter; and (4) statements by the defendant regarding his motive for disciplining the plaintiff." *Id.* (quoting *Thomas v. DeCastro*, 2019 WL 1428365, at *9 (S.D.N.Y. Mar. 29, 2019)). Here, Mathis initiated his threats eight months after the lawsuit at issue was filed, but much closer in time to a number of grievances that Plaintiff had filed, including one five months prior that referred to Mathis being upset that he had been named in a Freedom of Information Law request. *Id.* at 53. Likewise, the cell search involving Wells was less than six months after Plaintiff filed his initial lawsuit, and much closer in time to a number of other grievances. *Id.* Magistrate Judge Cott concluded that the temporal connection was sufficient to establish a causal connection or, at a minimum, raised triable issues of fact.

Accordingly, triable issues of fact remain on Plaintiff's retaliation claims against Mathis and Wells.

**LEGAL STANDARD**

Unlike in criminal cases, there is no requirement in civil cases that courts provide indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, a court has "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Although a court has no authority to "appoint" counsel, it may instead "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10 (1989). Because courts do not have funds to pay counsel in civil matters, courts must request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61–62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. A court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* If these threshold requirements are met, a court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

The Court has already granted Plaintiff leave to proceed *in forma pauperis*, Dkt. No. 13, and so Plaintiff need not make any further showing that he is indigent and cannot afford counsel.

Plaintiff has also shown that his remaining claims for retaliation are "likely to be of substance" as they have survived Defendants' motion for summary judgment. *Hodge*, 802 F.2d at 61–62.

In considering the remaining *Hodge* factors, the Court finds that these factors also weigh in favor of granting Plaintiff's application at this time. Though the legal issues in the case are not particularly complex, Plaintiff's ability to investigate the facts of his case are limited by his current detention at the George R. Vierno Center on Rikers Island, and the need for cross-examination at trial appears apparent from the record. Counsel's assistance will help Plaintiff select a jury, cross-examine witnesses, and otherwise effectively prosecute his case, and will "lead to a quicker and more just result by sharpening the issues and shaping examination." *Id.* at 61.

Accordingly, the Court finds that requesting *pro bono* counsel to represent Plaintiff is reasonable and appropriate at this time.

## CONCLUSION

Plaintiff's application for the Court to request counsel is GRANTED. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, some time may pass before counsel volunteers to represent Plaintiff. Members from the Court's Pro Se Litigation office may contact Plaintiff to discuss the case to aid in finding counsel. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case pro se. Of course, if an

attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

A telephonic case management conference is also scheduled for **July 27, 2022 at 2:00 p.m.** Parties are directed to dial into the Court's teleconference line at **888-251-2909** and use access code **2123101**.

It is hereby ORDERED that the Warden or other official in charge of the George R. Vierno Center ("GRVC"), located at 09-09 Hazen Street, East Elmhurst, New York 11370, produce Plaintiff Alexander Williams, B&C #141-180-1632, on July 27, 2022 at 2:00 p.m. to a suitable location within the GRVC that is equipped with a telephone for the purpose of participating in this conference.

Defendants' counsel is directed to provide a copy of this Order to the Warden or other official in charge of the GRVC immediately and to confirm with the facility that Plaintiff will be produced for the conference.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: April 14, 2022
New York, New York

_____
LEWIS J. LIMAN
United States District Judge