UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALEXANDER WILLIAMS JR.,

        Plaintiff,

v.

THE CITY OF NEW YORK, ET AL.,

        Defendants.

19-cv-3347 (LJL)(JLC)

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY CHARGES AND SPECIAL <u>VERDICT FORM</u>**

---

Pursuant to this Court's December 8, 2022 Order (Dkt. 260), Plaintiff Alexander Williams submits the following objections to Defendants' proposed jury charges (Dkt. 274) and proposed verdict form (Dkt. 276). For clarity and succinctness, Plaintiff identifies in this filing only those jury charges proposed by Defendants to which he objects, and if less than all of a particular charge, only the relevant portion to which the objection applies. Plaintiff does not object to any of Defendants' proposed jury charges not identified here.

# Defendants' Proposed Jury Charges

## Credibility of Witnesses

. . .

Similarly, in deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties.  It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony.

. . .

**Plaintiff's Objection to Defendants' Credibility of Witnesses Instruction:** Defendants' overly specific instruction, which they do not support with any authority, could impermissibly suggest to the jury that some or all of the witnesses actually have "hostility or affection" toward another party.  The more general "Credibility of Witnesses" instruction proposed by Plaintiff adequately informs the jury of the need to use common sense in evaluating the credibility of the witnesses, and various considerations the jury should take into account when making this determination.  *See* Pl.'s Proposed Jury Instructions at 10–11, Dkt. 272.  The Court should follow Plaintiff's proposed jury instructions on the credibility of the witnesses, rather than Defendants' formulation.

## The Statute, Its Function, and Elements of Claim for Relief

. . .

In order to prevail in this case pursuant to 42 U.S.C. § 1983, plaintiff must prove by a preponderance of the evidence that:

1) Each of the individual defendants' conduct deprived him of a right protected by the Constitution of the United States; and

2) Each of the individual defendants' conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

. . .

**Plaintiff's Objection to Defendants' Elements of Claim for Relief Instruction:** Defendants omit a necessary element of Plaintiff's claim, that Defendants were acting under color of state law.  Indeed, the Court has already articulated that this is an element of Plaintiff's claim.  *See* R. & R on Mot. for Summ. J. at 31, Dkt. 186 (citing *West* v. *Atkins*, 487 U.S. 42, 28; *Flagg Bros., Inc.* v. *Brooks*, 436 U.S. 149, 155 (1978)); *see also American Mfrs. Mut. Ins. Co.* v. *Sullivan*, 526 U.S. 40 (1999).  The Court should follow

Plaintiff's proposed jury instructions, which includes this necessary element.  *See* Pl.'s Proposed Jury Instructions at 18–20, Dkt. 272.

## Retaliation

. . .

     . . . Here, I must caution that prisoner retaliation claims should be approached with skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official – even those otherwise not rising to the level of a constitutional violation – can be characterized as a constitutionally proscribed retaliatory act. . . .

. . .

     **Plaintiff's Objection to Defendants' Retaliation Instruction:** The excerpted portion of Defendants' proposed retaliation instruction asks the Court to improperly instruct the jury to weigh the evidence against Plaintiff, solely by virtue of the nature of his claim, and suggests that Plaintiff is subject to a higher burden of proof than required under law.  The Court should not put its thumb on the scale by providing this instruction. To the extent Defendants' proposed instruction is drawn from case law, *see* R. & R on Mot. for Summ. J. at 31, Dkt. 186 (quoting *Dolan* v. *Connolly*, 794 F.3d 290, 295 (2d Cir. 2015)), that directive to approach prisoner claims with "skepticism and particular care" is addressed to district courts performing their gatekeeping function of determining whether allegations in a complaint are sufficient to survive a motion to dismiss.  This language is not directed to juries weighing evidence at trial.  The Court should reject Defendants' proposed jury instruction on the elements of Plaintiff's retaliation claim, and should instead give Plaintiff's proposed instructions.  *See* Pl.'s Proposed Jury Instructions at 23–24, Dkt. 272.

## Retaliation

. . .

     . . . Next, you must decide whether plaintiff's complaints – if indeed protected by the First Amendment – caused defendants to take adverse actions against him.  In the prison context here, you must decide if the adverse action was motivated to retaliate and to deter or chill the filing of other grievances.  In addition, if the adverse action – such as a cell search – would have happened regardless of any motive to retaliate for the filing of grievances, you must find for defendants. . . .

. . .

**Plaintiff's Objection to Defendants' Retaliation Instruction:** The excerpted portion of Defendants' proposed retaliation instruction misstates the legal standard for what is required to prove the causation element of Plaintiff's retaliation claim. As described in Plaintiff's proposed jury instructions, "A causal connection exists if you find that the protected speech or conduct was a substantial or motivating factor in the defendant's actions. You may infer a causal connection between a plaintiff's protected speech or conduct and defendant's retaliatory action based on several factors, including the temporal proximity between defendant's action and plaintiff's protected speech or conduct, as well as statements made by defendant himself regarding his motive for taking the adverse action." *See* Pl.'s Proposed Jury Instructions at 24, Dkt. 272 (citing Modern Federal Jury Instructions-Civil P 87.03 (2022); *Holland* v. *Goord*, 758 F.3d 215, 225 (2d Cir. 2014); *Graham* v. *Henderson*, 89 F.3d 75, 79 (2d Cir. 1996); *Colon* v. *Coughlin*, 58 F.3d 865 (2d Cir. 1995); *Bennett* v. *Goord*, 343 F.3d 133, 137 (2d Cir. 2003); Davis v. *Goord*, 320 F.3d 346, 353 (2d Cir. 2003); *Thomas* v. *DeCastro*, 2019 WL 1428365, at *9 (S.D.N.Y. Mar. 29, 2019); *Hammock* v. *Pierce*, 2018 WL 2108244, at *7 (S.D.N.Y. May 7, 2018); 4 L. Sand, et al., Modern Federal Jury Instructions, ¶ 87; R. & R on Mot. for Summ. J. at 48, 52–53, Dkt. 186). Defendants identify no legal basis for their proposed instruction Plaintiff must specifically prove that Defendants' motivation was to "deter or chill the filing of other grievances." And Defendants' proposed instruction about a cell search happening "regardless of any motive to retaliate" ignores that retaliation need only be "*a substantial or motivating factor*" for the action taken, as Plaintiff's proposed jury instruction and authorities make clear. The Court should reject Defendants' proposed jury instruction on the elements of Plaintiff's retaliation claim, and should instead give Plaintiff's proposed instructions. *See* Pl.'s Proposed Jury Instructions at 23–24, Dkt. 272.

## Nominal Damages

. . .

  [***NOTE***: *Should the Court find that plaintiff can only recover nominal damages, defendants request that the Court issue the following charge*: If you return a verdict for the plaintiff, then you must return an aware of what are called "nominal damages." That means you must award return an award [*sic*] of what are called "nominal damages." That means you must return an award of damages in a sum that is not to exceed one dollar. This is to show that liability has been proved.]

. . .

**Plaintiff's Objection to Defendants' Nominal Damages Instruction:** Defendants' proposed instruction relies on the "Court find[ing] that plaintiff can only recover nominal damages," without making a motion for the Court to do so or any explanation of the Court's authority to do so. Plaintiff respectfully submits that the Court should allow the jury to determine compensatory damages, if any. If Defendants believe that only nominal damages should be available, that question should be addressed through post-trial motion practice, rather than through an instruction that prevents the

jury from considering another compensatory damages amount in the first instance.  This way, the jury's damages award would be known, and would obviate the need for a retrial if the Court's decision on the availability of more-than-nominal damages were later overturned on appeal.  The Court should follow Plaintiff's proposed jury instructions on nominal damages, rather than Defendants' formulation.  *See* Pl.'s Proposed Jury Instructions at 31, Dkt. 272.

**Defendants' Proposed Verdict Form**

Plaintiff objects that Defendants' proposed verdict form (Dkt. 276-1) does not include a section for the jury to consider whether Plaintiff should be awarded punitive damages from either of the Defendants, and if so, in what amount.  This omission is particularly notable and unjustified given that Defendants' own proposed jury charge includes a punitive damages instruction, as does Plaintiff's.  *See* Def.' Proposed Jury Charge at 11, Dkt. 274 at 11; Pl.'s Proposed Jury Instructions at 33–34, Dkt. 272.  The Court should use Plaintiff's proposed verdict form, Dkt. 279, which does include a punitive damages section.

\*        \*        \*

Dated: April 3, 2023

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

By:  /s/ *Robert J. O'Loughlin*

_____

Daniel J. Beller
Moses Silverman
Robert J. O'Loughlin
Hillary Black
Shimeng (Simona) Xu
Christie Wan
Paul, Weiss, Rifkind,
    Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

*Attorneys for Plaintiff Alexander Williams*