UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER WILLIAMS JR.,

          Plaintiff,

v.

THE CITY OF NEW YORK, ET AL.,

          Defendants.

19-cv-3347 (LJL)(JLC)

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED VOIR DIRE**

    Pursuant to this Court's December 8, 2022 Order (Dkt. 260), Plaintiff Alexander Williams submits the following objections to Defendants' proposed voir dire questions (Dkt. 275). For clarity and succinctness, Plaintiff identifies in this filing only those voir dire questions proposed by Defendants to which he objects, using Defendants' numbering. Plaintiff does not object to any of Defendants' proposed voir dire questions not identified here.

## Defendants' Proposed Voir Dire

13.     Have you ever been a witness for a party bringing a lawsuit? If yes, please describe the case and the nature of your [prospective] testimony.

>       **Plaintiff's Objection to Defendants' Question 13:** Defendants question asks only if a prospective juror has been a witness for a plaintiff in a lawsuit. If this question is asked, it should also probe whether the individual has been a witness for a defendant. Plaintiff respectfully suggests that, if asked, the question should be: "Have you ever been a witness for a party in a lawsuit?"

27.     Do you believe that the fact that the Plaintiff started this lawsuit and is here today for trial means that there much be at least some merit to the Plaintiff's allegations?

>       **Plaintiff's Objection to Defendants' Question 27:** This question is unnecessary, as well as overly provocative and prejudicial to Plaintiff, as the Court's charge to the jury will instruct the jurors on the law regarding the burden of proof and what evidence may be considered.

31.     Would you be unable to apply the law as you are instructed to do by the Judge if you believe that the law is morally wrong?

>       **Plaintiff's Objection to Defendants' Question 31:** This question is unnecessary, as well as overly provocative and prejudicial. Plaintiff respectfully suggests that, if asked, the question should be: "Would you follow the Court's instructions, including its description of the applicable law?"

34.     You may have heard or read about Department of Correction. This information has absolutely nothing to do with these two correction officers. To the extent you have any feelings about any unrelated incidents involving the correction officers, either positive or negative, will you be able to set those feelings aside and render a verdict in this case based solely on the evidence?

>       **Plaintiff's Objection to Defendants' Question 34:** This question is duplicative of other, less provocative, questions proposed by Defendants, including Defendants' question 21, to which Plaintiff does not object ("Have you formed an opinion about the Department of Correction or any other law enforcement agency?").

35.     You may have heard or read about Rikers Island. This information has absolutely nothing to do with these two correction officers. To the extent you have any feelings about any unrelated incidents involving the correction officers, either positive or negative, will you be able to set those feelings aside and render a verdict in this case based solely on the evidence?

>       **Plaintiff's Objection to Defendants' Question 35:** This question is duplicative of other, less provocative, questions proposed by Defendants,

Case 1:19-cv-03347-LJL-JLC   Document 291   Filed 04/03/23   Page 3 of 4

3

including Defendants' question 21, to which Plaintiff does not object ("Have you formed an opinion about the Department of Correction or any other law enforcement agency?").

36. Have you or any member of your household or close friend attended any protests in the last year?

> **Plaintiff's Objection to Defendants' Question 36:** This question improperly probes the potential jurors' political leanings, is not limited to focus on protests that may be relevant to the issues in this case, and could allow Defendants to strike prospective jurors based for having engaged in activity protected by the First Amendment.

39. Do you believe that a person who is injured is entitled to compensation regardless of whether the injury is anyone's fault?

> **Plaintiff's Objection to Defendants' Question 39:** This question is irrelevant, as the Court's charge to the jury will instruct the jurors on the law regarding causation and damages.

40. Do you believe that a person could be injured and it could be their own fault?

> **Plaintiff's Objection to Defendants' Question 40:** This question is irrelevant, as the Court's charge to the jury will instruct the jurors on the law regarding causation and damages.

41. Do you believe that a person could be injured and it could not be anyone's fault?

> **Plaintiff's Objection to Defendants' Question 41:** This question is irrelevant, as the Court's charge to the jury will instruct the jurors on the law regarding causation and damages.

43. Will you be able to deliberate based solely on the evidence presented at trial and not based on any other information?

> **Plaintiff's Objection to Defendants' Question 43:** This question improperly suggests that the jury should not consider "any other information" outside of what evidence is presented at trial. This is in conflict with certain jury instructions proposed by Defendants, including but not limited to that jurors may use their "reason and experience and common sense" to reach reasonable inferences from circumstantial evidence. *See* Defs.' Proposed Jury Charges at 3, Dkt. 274.

44. If, after hearing the evidence and the instructions of the judge, you were to find that the plaintiff may have been injured, but that plaintiff failed to prove that his injuries resulted from any unlawful conduct by the defendants, would you hesitate to return a verdict for the defendants? If so, why?

**Plaintiff's Objection to Defendants' Question 44:** This question is irrelevant, as the Court's charge to the jury will instruct the jurors on the law regarding causation and damages. It also improperly suggests the content of the instructions the Court will ultimately give, without situating them in context and providing all the instructions, which must be considered holistically by the jury.

* * *

Dated: April 3, 2023

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: */s/ Robert J. O'Loughlin*

_____
Daniel J. Beller
Moses Silverman
Robert J. O'Loughlin
Hillary Black
Shimeng (Simona) Xu
Christie Wan
Paul, Weiss, Rifkind,
    Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

*Attorneys for Plaintiff Alexander Williams*